UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60382-LEIBOWITZ/Augustin-Birch

JESSICA PIAFSKY,

    *Plaintiff*,

v.

MB HOME IMPROVEMENTS, INC. *et al.*,

    *Defendants.*

_____/

### ORDER

**THIS CAUSE** came before the Court *sua sponte*. On April 23, 2024, *pro se* Defendant Maxim Bohadana filed a Motion to Dismiss individually and on behalf of his corporation Defendant MB Home Improvements, Inc. [ECF No. 15]. On April 30, 2024, *pro se* Defendant Maxim Bohadana filed a Motion to Dismiss on behalf of his corporation Defendant MB Home Improvements, Inc. [ECF No. 17]. Upon due consideration and for the reasons given below, *pro se* Defendant Maxim Bohadana's Motion to Dismiss on behalf of himself and his corporation Defendant MB Home Improvements, Inc. [ECF No. 15] is **STRICKEN** as to Defendant MB Home Improvements, Inc., and *pro se* Defendant Maxim Bohadana's Motion to Dismiss on behalf of his corporation MB Home Improvements, Inc. [ECF No. 17] is **STRICKEN**.

Every written motion must be signed by an attorney of record "or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). A corporation may not represent itself but must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted). Individual parties in federal court "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. But MB Home Improvements, Inc. is a corporation, and as such, "can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo*, 764 F.2d

at 1385 (citations omitted).  This is true "even where the person seeking to represent the corporation is its president and major stockholder." *Id.* (citation omitted).  Consequently, as a non-lawyer, Maxim Bohadana may not represent the interests of MB Home Improvements, Inc.  *See id.* (citation omitted); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court."); *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, … a lay person may not represent a corporation or a partnership[.]" (alterations added)).  Therefore, the Court must strike any motion to dismiss that Maxim Bohadana has filed on behalf of MB Home Improvements, Inc.  MB Home Improvements, Inc. will be permitted additional time to find counsel and re-file its response to the complaint.  Upon due consideration, it is hereby

1. ORDERED that *pro se* Defendant Maxim Bohadana's Motion to Dismiss on behalf of himself and his corporation Defendant MB Home Improvements, Inc. [**ECF No. 15**] is **STRICKEN as to Defendant MB Home Improvements, Inc.;**

2.  ORDERED that *pro se* Defendant Maxim Bohadana's Motion to Dismiss on behalf of his corporation MB Home Improvements, Inc. [**ECF No. 17**] is **STRICKEN**;

3. ORDERED that MB Home Improvements, Inc. shall obtain counsel and re-file its response to the complaint **no later than May 31, 2024;** and

4. ORDERED that all Defendants must comply with this Court's Order in Cases with Multiple Defendants [ECF No. 6] that was entered on March 25, 2024.

**DONE AND ORDERED** in the Southern District of Florida on May 10, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record
Roi Neeman, *pro se*
Maxim Bohadana, *pro se*
MB Home Improvements, Inc., *pro se*