UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:24-cv-60382-DSL

| | |
|---|---|
| JESSICA PIAFSKY, an individual, | |
| Plaintiff, | |
| v. | |
| MB HOME IMPROVEMENTS INC. a Florida Corporation, MAXIM BOHADANA, an Individual, ROI NEEMAN, an Individual, and CONSTRUCTION FORT LAUDERDALE, INC. d/b/a MB HOME IMPROVEMENTS, a Florida Corporation, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO
DEFENDANT MAXIM BOHADANA'S MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12 (B)(2)**

BERENTHAL & ASSOCIATES, P.A.

David W. Berenthal
Florida Bar No. 159220
E-mail: dwb@berenthalaw.com
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
Telephone: (212) 302-9494

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................................ii

TABLE OF AUTHORITIES ........................................................................................................iii

BACKGROUND ............................................................................................................................ 1

LEGAL ARGUMENT .................................................................................................................... 2

    I.    THE COURT HAS JURISDICTION OVER BOHADANA ........................................... 2

    II.    DEFENDANT'S REMAINING "FACTS" FAIL TO SUPPORT A MOTION TO DISMISS ........................................................................................................................ 4

        A.    DEFENDANT'S MOTION MUST FAIL AS HIS TESTIMONY IS IRRELEVANT.. 5

        B.    DEFENDANT'S MOTION MUST FAIL AS HIS TESTIMONY IS MISLEADING AND DOES NOT DENY THE KEY ALLEGATIONS OF THE COMPLAINT .................. 7

        C.    DEFENDANT'S MOTION MUST FAIL AS HIS TESTIMONY IS REBUTTED BY DOCUMENTARY EVIDENCE ........................................................................................ 7

    III.    PLAINTIFF IS ENTITLED TO JURSIDCITIONAL DISCOVERY ........................... 8

    IV.    DEFENDANT'S REQUEST FOR A HEARING IS PREMATURE ........................... 8

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

**STATUTES:**

§ 48.031(1)(a) Fla. Stat ...................................................................................................... 4

§695.03 Fla. Stat. ............................................................................................................. 8

Fed. R. Civ. P. 12 (b)(2)............................................................................................... 2, 5

Fed. R. Civ. P. 4(e)(1) .................................................................................................. 2, 4

Fed. R. Civ. P. 4(e)(2)(B) ............................................................................................. 2, 4

**CASES**:

*AcryliCon USA, LLC v. Silikal GmbH*,
   985 F.3d 1350, (11th Cir. 2021) ................................................................................. 8

*Am. Civil Liberties Union of Florida, Inc. v. City of Sarasota*,
   859 F.3d 1337 (11th Cir. 2017) .................................................................................. 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................... 3

*Burnham v. Superior Court of California*,
   495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990),............................................ 3

*Carran v. Morgan*,
   510 F. Supp. 2d 1053 (S.D. Fla. 2007 ........................................................................ 3

*Chames v. Calhoun Cnty. Comm'n*,
   21-11651, 2022 WL 1217652 (11th Cir. Apr. 26, 2022)............................................ 3

*Chandler v Geneva Constr., Inc.*,
   5:09-CV-121-OC-10GRJ, 2009 WL 10670872 [MD Fla May 8, 2009], *report and
   recommendation adopted*, 5:09-CV-121-OC-10GRJ, 2009 WL 10670873 [MD Fla June 8,
   2009] ........................................................................................................................... 4

*Davis v. State,*
   928 So. 2d 442 (Fla. 5th DCA 2006)........................................................................... 3

*In re Trasylol Products Liab. Litig.*
   *MDL-1928*, 08-CV-81212, 2011 WL 5529934 (S.D. Fla. July 21, 2011)................. 3

*Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*,
   288 F.3d 1264 (11th Cir. 2002). ........................................................................................... 5

*Milliken v. Meyer*,
   311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940) .................................................................. 3

*Morrison v. Amway Corp.*,
   323 F.3d 920 (11th Cir. 2003) ............................................................................................... 5

*Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*,
   353 F.3d 916 (11th Cir. 2003) ............................................................................................... 3

*St. George v. Pinellas Cty.*,
   285 F.3d 1334 (11th Cir. 2002) ............................................................................................. 3

*Tung v. Dycom Indus., Inc.*,
   454 F. Supp. 3d 1244 (S.D. Fla. 2020) ................................................................................. 3

*Waziry v. HR Club Mgmt., LLC*,
   13-60333-CIV, 2013 WL 3834392 (S.D. Fla. July 24, 2013) ............................................... 5

Plaintiff, JESSICA PIAFSKY (hereinafter "Plaintiff" or "Piafsky"), by and through her attorneys, Berenthal & Associates, P.A., hereby submits her response in opposition to Defendant MAXIM BOHADANA'S ("Bohadana") "Sworn Motion to Dismiss" the Complaint [D.E. 15] (the "Motion") and states as follows:

## BACKGROUND

Plaintiff filed the instant action on March 8, 2024 by filing the Complaint [D.E. 1] with the Court. The Complaint details, *inter alia*, an ongoing "scheme" perpetrated by Bohadana, his corporation, MB Home Improvements Inc. ("MBHI"), Roi Neeman ("Neeman") and Neeman's corporation, Construction Fort Lauderdale, Inc. ("CFLI"). The "scheme" involved Bohadana and MBHI "renting" their contractor's licenses to third parties. In the instant action, Neeman and CFLI rented Bohadana and MBHI license and offered and performed construction services under MBHI's name and license, all without Bohadana's supervision. [D.E. ¶¶27-65]. Plaintiff Piasfsky, the owner of 3272 SW 51st Street, Hollywood, Florida (her "Property"), entered into a contract with MBHI through Neeman and CFLI to perform extensive interior and exterior renovations to her Property. After months passed and Piafsky paid approximately $199,780.00 on the contract (representing approximately 88% of total contract price), less than ten (10%) percent of the interior work to the Property was completed, the work that was performed was defective, and none of the exterior work was performed. Although Neeman previously represented that MBHI was "his" company, Piafsky subsequently discovered that (i) Neeman and CFLI were operating under MBHI/Bohadana's licenses, (ii) Neeman and CFLI were incapable of completing the work in a proper or timely manner, and (iii) that MBHI and Bohadana were not supervising the work that was done.

The Complaint asserts multiple claims against Bohadana sounding in fraud, negligence, negligence per se, and violations of Florida's Deceptive and Unfair Trade Practices Act.

A copy of the summons and complaint were served on Bohadana on April 2, 2024 at his home at 9610 NW 24th Street, Sunrise, Florida, 33322. Service was completed by serving a copy of the summons and complaint on Nicole Bohadana (Bohadana's wife), pursuant to state law (and in accordance with Fed. R. Civ. P. 4(e)(1) and (e)(2)(B)). See Affirmation of Dan Ackerman, Process Server [D.E. 11], annexed hereto as **Exhibit A.**

On April 23, 2024, Bohadana, appearing *pro se* and on behalf of MBHI, filed the Motion seeking to dismiss the Complaint against Bohadana and MBHI for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(2). On April 30, 2024, Bohadana filed a second "Sworn Motion to Dismiss" (the "Second Motion") [D.E. 17] seeking to dismiss the Complaint against MBHI, MBHI for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(2) ("Rule 12(b)(2)"). On May 14, 2024, the Court, *sua sponte*, struck the Second Motion in its entirety and those portions of the Motion that apply to MBHI. As a result, Plaintiff's response is limited to the Motion insofar as the Motion seeks to dismiss the Complaint against Bohadana.

As set forth in greater detail herein, Bohadana does not meet his burden to dismiss the Complaint. Moreover, Bohadana's Motion demonstrates Bohadana's willingness to proffer false and misleading statements to avoid liability. Plaintiff respectfully requests that the Court deny the Motion in its entirety.

## LEGAL ARGUMENT

### I. THE COURT HAS JURISDICTION OVER BOHADANA

The Motion seeks to dismiss the Complaint for "lack of personal jurisdiction" pursuant to Rule 12 (b)(2). Motion at ¶15. When ruling on a motion to dismiss, the Court is bound to the four

corners of the complaint (including any sources incorporated by reference). *Tung v. Dycom Indus., Inc.*, 454 F. Supp. 3d 1244, 1254 (S.D. Fla. 2020) *citing St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). The Court must accept all factual allegations in the complaint as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and should afford the Plaintiff every favorable inference, *Chames v. Calhoun Cnty. Comm'n*, 21-11651, 2022 WL 1217652, at *2 (11th Cir. Apr. 26, 2022). To survive a motion to dismiss, the complaint need only contain enough factual matter, which accepted as true, states a claim to relief that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the instant action has Plaintiff properly plead jurisdiction over Bohadana.

"Personal jurisdiction has two elements: 'amenability to jurisdiction' and "service of process.'[1]" *In re Trasylol Products Liab. Litig.-MDL-1928*, 08-CV-81212, 2011 WL 5529934, at *2 (S.D. Fla. July 21, 2011) *citing Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n. 15 (11th Cir.2003). The complaint properly alleges that "Defendant MAXIM BOHADANA ("BOHADANA"), is an individual who, upon information and belief, is a resident of Broward County, in the State of Florida and is *sui juris*." D.E. 1 ¶6. It is steadfast law, that this Court has personal jurisdiction over the residents of Broward County. *Carran v. Morgan*, 510 F. Supp. 2d 1053, 1057 (S.D. Fla. 2007) *citing Burnham v. Superior Court of California*, 495 U.S. 604, 619, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990), *Milliken v. Meyer*, 311 U.S. 457, 462–63, 61 S.Ct. 339, 85 L.Ed. 278 (1940) and *Davis v. State,* 928 So. 2d 442, 448 (Fla. 5th DCA 2006).

Plaintiff has also filed its proof of service, affirming that Bohadana was served on April 2, 2024 at his home at 9610 NW 24th Street, Sunrise, Florida, 33322, by serving a copy of the Summons and Complaint on Nicole Bohadana, Bohadana's wife, and informing her of its contents.

---

[1] "'Amenability to jurisdiction' means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. . . . . 'Service of process' . . . is simply the physical means by which that jurisdiction is asserted." Id. (internal citations omitted).

**Exhibit A**. Service of a summons and complaint may be accomplished pursuant to the method allowed by state law[2], or by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e)(1), (e)(2)(B). In this case, by serving Nicole Bohadana at Bohadana's home in Broward County, Florida, Plaintiff satisfied both state law and federal law regarding service of the summons and complaint.

Bohadana's Motion does not challenge amenability to jurisdiction or service of process. Instead, **Bohadana admits that he was served at his home address at 9610 NW 24th Street, Sunrise, Florida**. Motion at ¶1. The analysis starts and ends there – Bohadana has admitted that Florida is his home, and that he was served with process at his home residence. "[L]ong arm statute and minimum contacts analysis only apply to the situation where a defendant is not a resident of Florida" *Chandler v Geneva Constr., Inc.*, 5:09-CV-121-OC-10GRJ, 2009 WL 10670872, at *2 [MD Fla May 8, 2009], *report and recommendation adopted*, 5:09-CV-121-OC-10GRJ, 2009 WL 10670873 [MD Fla June 8, 2009]. Bohadana has failed to challenge, and instead has admitted to, personal jurisdiction. Plaintiff respectfully requests that the Court deny the motion in full.

The remaining portions of this response are submitted in an abundance of caution to address the alleged "facts" submitted by Bohadana.

## II. DEFENDANT'S REMAINING "FACTS" FAIL TO SUPPORT A MOTION TO DISMISS

A defendant challenging personal jurisdiction must refute the allegations regarding jurisdiction. In contrast, Defendant's Motion does not deal with personal jurisdiction, but instead

---

[2] Under Florida law, a summons and complaint may be served by "leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents" § 48.031(1)(a) Fla. Stat.

4

consists of various allegations that attempt to attack the Complaint on the merits – a facial attack not tied to personal jurisdiction. As set forth herein, the Motion cannot be granted for multiple reasons.

### A. DEFENDANT'S MOTION MUST FAIL AS HIS TESTIMONY IS IRRELEVANT

Bohadana denies any involvement in the project at the Property and denies that he allowed Neeman or CFLI to use his license numbers. Motion ¶¶6-9. However, Defendant's motion cannot prevail on this testimony. First, Bohadana's testimony has confirmed that he is subject to personal jurisdiction, *supra*, and the remaining testimony, including his denials of the existence of a relationship to the perpetrating party are not relevant to a Rule 12(b)(2) motion. *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1268 n. 4 (11th Cir. 2002).

Second, even if Bohadana's extraneous allegations were pertinent to the issue of personal jurisdiction, when the facts regarding jurisdiction are intertwined with the merits of the cause of action, the proper course of action for the district court is to find that jurisdiction exists and deny the motion. *Waziry v. HR Club Mgmt., LLC*, 13-60333-CIV, 2013 WL 3834392, at *2 (S.D. Fla. July 24, 2013) *quoting Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003). Although Defendant incorrectly believes that his facts attacking the merits of the Complaint are relevant to personal jurisdiction, the Court should not rule on the merits of the action, but rather deny the motion and allow discovery to proceed to adjudicate the claims at a later time.

Third, Bohadana's testimony misstates the Plaintiff's allegations and fails to refute the core allegations of the Complaint. Specifically, Bohadana states that "Plaintiff states Defendant, RIO [sic] NEEMAN, gave my license number as his own. If this did indeed happen, it was totally without my knowledge and/or permission and would be fraudulent on his behalf." Motion at ¶7.

5

Notwithstanding the conclusory portion of the statement (that Neeman's act would be fraudulent), Bohadana misstates the allegations in the Complaint. The Complaint alleges:

> 26. . . . BOHADANA, in his individual capacity and as president of MB, allowed and continues to allow, multiple third parties to use the MB name to solicit customers, enter into construction contracts with customers and provide construction services in Florida.
>
> 27. Upon information and belief, BOHADANA and MB knowingly and willingly (i) allowed NEEMAN to operate under MB's name; (ii) to trade on MB's goodwill and (iii) to act as MB's agent and representative . . . .
>
> 37. The bid and contract identified the Contractor as "MB HOME IMPROVEMENTS, INC. and has license numbers CBC1265305 and CCC1334811". . . . D.E. 1 ¶26, 27, 37
>
> 95. As set out more fully above, BOHADANA and MB knew and allowed NEEMAN and CFL to operate under MB's name and reputation without oversight by BOHADANA.
>
> 96. BOHADANA and MB knew and allowed NEEMAN to submit bids for contracting work for MB's name and reputation without oversight by BOHADANA.
>
> 97. BOHADANA and MB owed PIAFSKY a duty of care to oversee the work done by NEEMAN and CFL and to prevent the false and misleading statements made to PIAFSKY regarding NEEMAN's position with and ownership of MB, his licensure and/or lack thereof as a contractor, and his ability to perform the work required under the contract.

While Bohadana denies that MBHI entered into the contract at issue, he does not deny the aforementioned general allegations. Bohadana does not deny that he allowed third parties to use MBHI's name and goodwill, and admits knowledge of fourteen (14) entities who are doing business under the name "MB Home Improvements". Affording Plaintiff every favorable inference, it is clear that Bohadana knew that CFLI had registered the alias of MB Home Improvements, and that Bohadana allowed Neeman to conflate and obfuscate CFLI's business with MBHI. Thus, even if Bohadana's statements were accepted as true, it does not dismiss the

6

claim that Neeman, acting as MBHI and/or Bohadana's agent, entered into the contract at issue on MBHI's behalf.

### B. DEFENDANT'S MOTION MUST FAIL AS HIS TESTIMONY IS MISLEADING AND DOES NOT DENY THE KEY ALLEGATIONS OF THE COMPLAINT

Bohadana misleads the Court with his conclusory statements that "[s]ince I never contract with the Plaintiff, either individually or through my business, I obviously never received any money from her concerning this matter." Motion ¶13. Bohadana proffers similar testimony and states that "Since I never contracted with Defendant, RIO [sic] NEEMAN either individually or though his company, I obviously never received any money from him concerning this matter." Motion ¶13. It is indeed troubling that Bohadana would frame his testimony in such an evasive manner. Rather than denying any benefit from the project, he denies the existence of any contract with Neeman or Plaintiff, and as a conclusion, denies receiving money from Neeman or Plaintiff. However, Bohadana does not deny that he benefitted (or more specifically, was "enriched") from the project on the Property – Bohadana may have received money from CFLI, or from one of CFLI's other agents, or he may have received money through one of Bohadana's other companies. It is believed that discovery will disclose the full extent of payment that Bohadana received from his arrangement with CFLI (and a variety of other companies).

### C. DEFENDANT'S MOTION MUST FAIL AS HIS TESTIMONY IS REBUTTED BY DOCUMENTARY EVIDENCE

Most troubling of all, Bohadana has apparently perjured himself to this Court with his motion. Plaintiff has obtained a **notarized** Broward County Uniform Building Permit Application for construction at the Property, identifying Ms. Piafsky as the owner **and signed by Maxim Bohadana**. A copy of the Permit Application is annexed hereto as **Exhibit B**. The notarial seal on the application conclusively establishes that Maxim Bohadana executed the permit application.

7

§695.03 Fla. Stat. Thus, it is clear that, notwithstanding Bohadana's testimony, Bohadana knew of and was involved in the project. Plaintiff anticipates that further discovery will disclose other evidence further refuting Bohadana's testimony. Notwithstanding, the proffered Permit Application is sufficient to overcome Bohadana's Motion and the Motion should be denied. *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021) ("To the extent that 'the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.'").

### III. PLAINTIFF IS ENTITLED TO JURSIDCITIONAL DISCOVERY

In the unlikely event that the Court were to consider Bohadana's Motion to be a proper factual challenge to personal jurisdiction, Plaintiff is entitled to jurisdictional discovery. *Am. Civil Liberties Union of Florida, Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery'). In the instant case, Plaintiff has firmly demonstrated that the Motion is facially defective and has further discredited the Motion with this Memorandum. However, in the unlikely event that the Court considers Bohadana's "evidence" to be sufficient to challenge personal jurisdiction (or the Complaint), Plaintiff respectfully requests that this Court allow Plaintiff to take jurisdictional discovery regarding the claims set forth in Bohadana's Motion.

### IV. DEFENDANT'S REQUEST FOR A HEARING IS PREMATURE

Defendant, in his conclusion, requests that in the alternative the Court set the matter for hearing "so the Plaintiff can show proof why I or my business are proper parties to the action" Motion at 3. At this time, discovery has not commenced, and Plaintiff does not have to prove its factual allegations. Plaintiff will of course prove its allegations at a later date either in a motion on

the pleadings, or a motion for summary judgment or at trial. However, the request for a hearing for Plaintiff to prove its entire case at this time is premature and should be denied.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that this Court deny Bohadana's motion in its entirety and order Bohadana to answer the Complaint within ten days from the date of its order.

Dated:   May 21, 2024

                                      **BERENTHAL & ASSOCIATES, P.A.**

                          By:   /s/ David W. Berenthal
                                 David W. Berenthal
                                 Florida Bar No. 159220
                                 E-mail: dwb@berenthalaw.com
                                 255 Alhambra Circle
                                 Suite 1150
                                 Coral Gables, FL 33134
                                 Telephone: (212) 302-9494

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2024, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, and that I have mailed the document to the following non-CM/ECF Participants via the United States Postal Service:

MB Home Improvements, Inc.
6412 N University Drive, Suite 102
Tamarac, FL 33321

Maxim Bohadana
9610 NW 24th Street
Sunrise, FL 33322

Construction Fort Lauderdale Inc.
4814 SW 34th Terrace
Fort Lauderdale, FL 33312

Neeman, Roi
4814 SW 34th Terrace
Fort Lauderdale, FL 33312

By: ___/s/ David W. Berenthal___
      David W. Berenthal
      Florida Bar No. 159220