UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:24-cv-60382-DSL

JESSICA PIAFSKY, an individual,
                                                        Plaintiff,

v.

MB HOME IMPROVEMENTS INC. a Florida Corporation, MAXIM BOHADANA, an Individual, ROI NEEMAN, an Individual, and CONSTRUCTION FORT LAUDERDALE, INC. d/b/a MB HOME IMPROVEMENTS, a Florida Corporation,
                                                        Defendants.

**PLAINTIFF'S RESPONSIVE MEMORANDUM OF LAW TO MAXIM BOHADANA AND MB HOME IMPROVEMENTS INC.'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT AND FOR OTHER RELIEF**

Plaintiff, JESSICA PIAFSKY (hereinafter "Plaintiff" or "Piafsky"), by and through her attorneys, Berenthal & Associates, P.A., hereby responds to Defendants', MB Home Improvements Inc. ("MBI"), and Maxim Bohadana ("Bohadana", Bohadana and MBI collectively referred to herein as the "Defendants") motion [D.E. 28] for a fourteen (14) day extension of time for Defendants to respond to the complaint and to discard Bohadana's previously filed motion to dismiss and states as follows:

**PROCEDURAL BACKGROUND**

The complaint was filed with the Court on March 8, 2024. [D.E. 1]. The summons and complaint were duly served on Bohadana on April 2, 2024, [D.E. 11], and on MB Home Improvements, Inc., on April 3, 2024, [D.E. 13].

On April 23, 2024, Bohadana, appearing *pro se*, filed a motion to dismiss the complaint on behalf of himself and MBI (the "First Motion". [D.E. 15]). On April 30, 2024, Bohadana, on behalf

of MBI, filed a second motion to dismiss seeking to dismiss the complaint against MBI (the "Second Motion", [D.E. 17]). By Order dated May 13, 2024, the Court, acting *sua sponte*, struck (i) MBI's Second Motion in its entirety, and (ii) those portions of Defendants' First Motion to dismiss that sought to dismiss the Complaint against MBI. [D.E. 23]. In its May 13, 2024 Order, the Court also ordered "MB Home Improvements, Inc. shall obtain counsel and re-file its response to the complaint no later than May 31, 2024". [D.E. 23]. On May 21, 2024, Plaintiff filed its response in opposition to Bohadana's First Motion. [D.E. 25].

On May 31, 2024, counsel for Defendants appeared for the first time in this action and moved this court to (1) grant Defendants a fourteen day extension of time to <u>respond</u> to the Complaint and (2) to discard Bohadana's previously filed motion to dismiss and thus allow Bohadana an opportunity to file a new response to the Complaint (either as an answer or a new motion to dismiss). Plaintiff submits the instant response and acknowledges acceding to MBI's request for an extension of time, but opposes Defendants' Motion in so far as it seeks to allow Bohadana a second chance to move to dismiss pursuant to Fed. R. Civ. P. 12(b).

### LEGAL ARGUMENT

**I. PLAINTIFF DOES NOT OPPOSE MBI'S REQUEST FOR AN EXTENSION OF TIME**

When the deadline to perform an act has not expired, a party may move a court for an extension of time to perform an act pursuant to Fed. R. Civ. Pro. 6(b)(1). In the instant Motion, Defendants seek the extension as MBI only retained counsel "two days prior to this Court's deadline for MB Home Improvements Inc." and said counsel "requires additional time to review the case file and generate an appropriate response to Plaintiff's claims." Motion at ¶6. As a matter of professional courtesy, Plaintiff has agreed to extend Defendant MBI's time to **respond** to the complaint, and Defendant Bohadana's time to **answer** to the complaint by 14 days (through and

including June 14, 2024), in exchange for the Defendants agreeing to waive personal jurisdiction defenses, if any (which Defendants' counsel has agreed to). However, as detailed *infra*, Plaintiff does not agree to extend Bohadana's time to **respond** to the complaint e.g., file a new motion to dismiss.

## II. BOHADANA'S REQUEST FOR A SECOND CHANCE TO RESPOND TO THE COMPLAINT SHOULD BE DENIED

Defendants' Motion requests that the Court "disregard" Bohadana's First Motion [D.E. 15] to allow Bohadana a new opportunity to file an "appropriate response" to the Complaint. Motion ¶7. The Court should deny this request as it violates Fed. R. Civ. P. Rule 12 and would prejudice the Plaintiff.

### A. BOHADANA'S FIRST MOTION (TO DISMISS) SHOULD NOT BE DISCARDED

First, it is unclear what the Defendants mean by "discarding" the First Motion. Insofar as it can be construed as a request to strike the First Motion, Defendants fail to offer any legal authority, or supporting grounds, on which Defendants can base its request. "Numerous courts in the Eleventh Circuit have held that a motion to strike a filing that is not a pleading as defined by Rule 7(a)) is improper" *Kahama VI, LLC v. HJH, LLC*, 8:11-CV-2029-T-30TBM, 2014 WL 3721298, at *1 (M.D. Fla. July 28, 2014) The First Motion is not a pleading and does not fall within the purview of Fed. R. Civ. P. Rule 12(f)[1].

Second, Defendants' Motion is clear; Defendant Bohadana seeks to have the court discard the First Motion to afford him another opportunity to submit an "appropriate response," to the

---

[1] "**Motion to Strike.** The court may strike **from a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" Fed. R. Civ. P. 12(f) (*emphasis added*)

3

complaint – in other words, Bohadana now seeks reserve another chance to file a Rule 12(b) motion. While Plaintiff cannot prevent Bohadana from abandoning the motion, the Court should not discard the motion. The rules are clear, that with only limited exceptions (that do not apply here) "a party that makes a motion under this rule [Fed. R. Civ. P. Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion[2]." Fed. R. Civ. P. 12(g)(2). By making the First Motion, Bohadana waived the defenses listed in Fed. R. Civ. P. Rule 12(b)(2)-(5). Fed. R. Civ. P. (12)(h)(1)(A). It is entirely inappropriate to afford Bohadana a second opportunity to respond to the complaint when the rules state that Bohadana has waived multiple defenses by not asserting them in his first Motion.

Bohadana argues that a "*Pro Se* Defendant's 'first bite of the apple' is not really a 'bite,' especially since undersigned does not intend to raise any of the arguments presented in Maxim Bohadana's pending *Pro Se* Motion to Dismiss." Defendant's logic is flawed. A defendant does not get an opportunity to bring another Rule 12(b) filing just because it will not raise the same defense as the original motion. To the contrary, Fed. R. Civ. P. (12)(h)(1)(A) explicitly prohibits making a new Rule 12(b) motion based on alternate defenses not raised in the earlier motion. Simply stated Bohadana's First Motion was a bite at the apple and precludes Bohadana from filing a second motion based on the defenses set forth in Rule 12(b)(2)-(5). Bohadana should not be afforded a new opportunity to begin the process anew, just because he has retained counsel[3].

---

[2] The exceptions to the rule being a motion for a failure to state a claim upon which relief can be granted, or to join a necessary party, or to state a legal defense to claim, or a motion to lack of subject matter jurisdiction – said motions can be brought at a later time. Fed. R. Civ. P. 12(h)(2), (3).

[3] The very concept raises an ugly specter: if a *pro se* defendant is afforded a new opportunity to file a Rule 12 motion, just because s/he obtained counsel, then perhaps each defendant can be afforded the same opportunity if they were to switch counsel.

Third, while Defendant may seek to abandon the First Motion (and its failure to timely reply to Plaintiff's response in opposition may support such abandonment), Plaintiff has already responded to the motion and was forced to disclose documentation refuting Defendants' sworn statements. [D.E. 25-2]. Not only has Plaintiff been prejudiced by incurring attorneys' fees in a motion that Defendant now seeks to abandon, but Plaintiff has also shown its proverbial cards thus would be prejudiced by allowing Bohadana to refile a new motion to dismiss.

## CONCLUSION

Plaintiff consents to MBI's request for an extension of time, however Plaintiff objects to Bohadana's request to discard his First Motion to dismiss to allow Bohadana to file a new response to the complaint (in the form of a motion, not an answer). Bohadana did not have to file the First Motion *pro se*, he could have obtained counsel, or requested an extension of time to obtain counsel, and there is no cause to discard said motion, and allowing the same will have prejudiced Plaintiff. In the event that the Court grants Defendants motion to discard the First Motion, Plaintiff respectfully requests that the Court grant Plaintiff its attorneys fee and costs incurred in responding to the First Motion.

Dated: May 31, 2024

**BERENTHAL & ASSOCIATES, P.A.**

By: ___/s/ David W. Berenthal_____
    David W. Berenthal
    Florida Bar No. 159220
    E-mail: dwb@berenthalaw.com
    255 Alhambra Circle
    Suite 1150
    Coral Gables, FL 33134
    Telephone: (212) 302-9494

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2024, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, and that I have mailed the document to the following non-CM/ECF Participants via the United States Postal Service:

>Construction Fort Lauderdale Inc.
>4814 SW 34th Terrace
>Fort Lauderdale, FL 33312
>
>Neeman, Roi
>4814 SW 34th Terrace
>Fort Lauderdale, FL 33312
>
>
>By: ___/s/ David W. Berenthal____
>           David W. Berenthal
>           Florida Bar No. 159220