UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-CV-60382

JESSICA PIAFSKY, an individual,

        Plaintiff,

v.

MB HOME IMPROVEMENTS INC. a Florida corporation, MAXIM BOHADANA, an individual, ROI NEEMAN, an individual and CONSTRUCTION FORT LAUDERDALE INC. d/b/a MB HOME IMPROVEMENTS, a Florida corporation,

        Defendants

## DEFENDANTS, MB HOME IMPROVEMENT INC., AND MAXIM BOHADANA'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants, MB Home Improvement Inc. ("MB") and Maxim Bohadana ("Bohadana") (MB and Bohadana collectively referred to as "MB Defendants") files their Answer and Affirmative Defenses to Plaintiff, Jessica Piafsky's Complaint for damages, and states as follows:

### INTRODUCTION

1. MB Defendants deny the allegations in Paragraph 1 pertaining to MB Defendants and demand strict proof therein.

**Plaintiff Jessica Piafsky:**

### PARTIES

2. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph two (2) of the Complaint, and therefore deny same and demand

strict proof therein.

**Defendant MB Home Improvements Inc.:**

3. MB Defendants admit the allegations set forth in Paragraph 3.

4. MB Defendants admit the allegations set forth in Paragraph 4.

5. MB Defendants admit the allegations set forth in Paragraph 5.

**Defendant Maxim Bohadana:**

6. MB Defendants admit the allegations set forth in Paragraph 6.

7. MB Defendants admit the allegations set forth in Paragraph 7.

8. MB Defendants deny the allegations set forth in paragraph 8 of the Complaint as phrased. "MB Home Improvements" is the properly registered fictitious name of the corporate entity "MB Home Improvements Inc" and one of roughly twelve corporate entities with the fictitious name "MB Home Improvements" registered with the state of Florida, the balance of which MB Home Improvements Inc nor Bohadana have any affiliation with. Bohadana is the properly licensed qualifying agent and president of MB Home Improvements Inc and does not himself, go by the alias "MB Home Improvements."

9. MB Defendants deny the allegations in paragraph 9 as phrased. Bohadana did not personally conduct business throughout Broward County but did so through the properly registered and licensed corporate entity MB Home Improvements Inc.

10. MB Defendants admit the allegations set forth in Paragraph 10.

11. MB Defendants deny the allegations set forth in Paragraph 11.

**Defendant Construction Fort Lauderdale, Inc.:**

12. MB Defendants admit the allegations set forth in Paragraph 12.

13. MB Defendants admit the allegations set forth in Paragraph 13.

14. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph fourteen (14) of the Complaint, and therefore denies same and demands strict proof therein.

15. MB Defendants admit the allegations set fourth in paragraph fifteen to the extent that MB Defendants were recently made aware that CFL was one of the corporate entities registered under the fictitious name MB Home Improvement and was fraudulently and without MB Defendants' authorization, using MB Home Improvement Inc's license to pull permits.

16. MB Defendants deny the allegations set forth in paragraph sixteen of the Complaint, and therefore deny same and demand strict proof therein.

**Defendant Roi Neeman:**

17. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph seventeen of the Complaint, and therefore denies same and demands strict proof therein.

18. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph eighteen of the Complaint, and therefore denies same and demands strict proof therein.

19. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph nineteen of the Complaint, and therefore denies same and demands strict proof therein.

20. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph twenty of the Complaint, and therefore denies same and demands strict proof therein.

21. MB Defendants deny the allegations of paragraph twenty and demand strict proof therein.

## JURISDICTION AND VENUE

Paragraphs twenty-two through twenty-five

22. MD Defendants are without knowledge as to the allegations contained in paragraphs twenty-two through twenty-five and therefore deny same and demand strict proof therein.

## FACTS RELEVANT TO ALL COUNTS

### THE "ARRANGEMENT"

26. Defendant MB Defendants deny the allegations of paragraph twenty-six and demand strict proof therein.

27. Defendant MB Defendants deny the allegations of paragraph twenty-seven and demand strict proof therein.

28. Defendant MB Defendants deny the allegations of paragraph twenty-eight and demand strict proof therein.

29. Defendant MB Defendants deny the allegations of paragraph twenty-nine and demand strict proof therein.

### THE "Project"

30. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph 30 of the Complaint, and therefore deny same and demand strict proof therein.

31. MB Defendants are without sufficient knowledge to either admit or deny allegations set forth in paragraph 31 of the Complaint, and therefore deny same and demand strict

proof therein.

32. MB Defendants are without sufficient knowledge to either admit or deny allegations set forth in paragraph 32 of the Complaint, and therefore deny same and demand strict proof therein.

33. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph 33 of the Complaint, and therefore deny same and demand strict proof therein.

34. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph 34 of the Complaint, and therefore deny same and demand strict proof therein.

35. MB Defendants deny the allegations set forth in paragraph 35 of the Complaint, and demand strict proof therein.

36. MB Defendants state the unexecuted document attached to the Complaint as Exhibit A speaks for itself, and otherwise deny the allegations set forth in paragraph 36 of the Complaint, and demand strict proof therein.

37. MB Defendants state the unexecuted document attached to the Complaint as Exhibit A speaks for itself, including the inconsistencies reflected in the named entity performing the work at the Project. MB Defendants otherwise deny the allegations set forth in paragraph 37 of the Complaint, and demand strict proof therein.

38. MB Defendants deny the allegations set forth in paragraph 38 of the Complaint, to the extent that MB Defendants had any knowledge of the contract or Project referenced herein prior to this dispute. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations in relation to CFL or Neeman and therefore deny same and demand strict proof therein.

39. MB Defendants deny the allegations set forth in paragraph 39 of the Complaint, to the extent it is alleged MB Defendants received any payment directly, or indirectly in relation to Plaintiff or the Project in general. MB Defendants are without knowledge as to the balance of allegations and therefore deny same and demand strict proof therein.

40. MB Defendants deny the allegations set forth in paragraph 40 of the Complaint, to and demand strict proof therein.

41. MB Defendants are without sufficient knowledge to either admit or deny allegations set forth in paragraph 41 of the Complaint, and therefore deny same and demand strict proof therein.

42. MB Defendants are without sufficient knowledge to either admit or deny allegations set forth in paragraph 42 of the Complaint, and therefore deny same and demand strict proof therein.

43. MB Defendants deny the allegations set forth in paragraph 43 of the Complaint, and demand strict proof therein.

44. MB Defendants admit that they never visited the Project as they were unaware of the Project's existence, but deny that they entrusted Neeman to perform any work under their license or supervision. MB Defendants deny the balance of allegations asserted in paragraph 44 and demand strict proof therein

45. MB Defendants are without sufficient knowledge to either admit or deny deny the allegations set forth in paragraph 45 of the Complaint, and therefore deny same and demand strict proof therein.

46. MB Defendants deny the allegations set forth in paragraph 46 to the extent the allegation suggests MB was in any way involved in the Project. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 46 of the Complaint, and

therefore deny same and demand strict proof therein.

47. MB Defendants deny the allegations set forth in paragraph 47 to the extent the allegation suggests MB was in any way involved in the Project. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 46 of the Complaint, and therefore deny same and demand strict proof therein.

48. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph 48 of the Complaint, and therefore deny same and demand strict proof therein.

49. MB Defendants are without sufficient knowledge to either admit or deny the allegations set forth in paragraph 49 of the Complaint, and therefore deny same and demand strict proof therein.

50. MB Defendants deny the allegations set forth in paragraph 50 to the extent the allegation suggests MB was in any way involved in the Project. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 50 of the Complaint, and therefore deny same and demand strict proof therein.

51. MB Defendants deny the allegations set forth in paragraph 51 to the extent the allegation suggests MB was in any way involved in the Project or demanded Plaintiff issue payment to anyone. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 51 of the Complaint, and therefore deny same and demand strict proof therein.

52. MB Defendants deny the allegations set forth in paragraph 52 to the extent the allegation suggests MB was in any way involved in the Project or demanded Plaintiff issue payment to anyone. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 52 of the Complaint, and therefore deny same and

demand strict proof therein.

53. MB Defendants deny the allegations set forth in paragraph 53 to the extent the allegation suggests MB Defendants ever spoke with Plaintiff regarding the Project or termination of the contract, as they were unaware of the Project or relevant contract allegedly terminated. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 513 of the Complaint, and therefore deny same and demand strict proof therein.

54. MB Defendants admit the allegations set forth in paragraph 54 of the Complaint to the extent that Bohadana is the owner of MB and Neeman never held ownership interest or had any authority to bind the company outside of his previous role of project manager which he was previously terminated from.MB. MB Defendants deny the balance of allegations set forth in paragraph 54 of the Complaint, and therefore demand strict proof therein.

55. MB Defendants admit the allegations set forth in paragraph 55 to the extent that Bohadana has never met Plaintiff. MB Defendant's Deny MB was ever terminated as Neeman nor CFL had any authority to enter into the subject contract rendering that contract void or voidable. MB Defendants are without knowledge as to whether Plaintiff ever heard of Bohadana prior to this dispute and therefore deny this allegation and demand strict proof therein.

56. MB Defendants deny the allegations set forth in paragraph 56(a-p) to the extent the allegation suggests MB was in any way involved in the Project or demanded Plaintiff issue payment to anyone. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 56(a-p) of the Complaint, and therefore deny same and demand strict proof therein.

57. MB Defendants deny the allegations set forth in paragraph 57 to the extent the allegation suggests MB was in any way involved in the Project. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 57

of the Complaint, and therefore deny same and demand strict proof therein.

58. MB Defendants deny the allegations set forth in paragraph 58 to the extent the allegation suggests MB was in any way involved in the Project or storage of Plaintiff's belongings. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 58 of the Complaint, and therefore deny same and demand strict proof therein.

59. MB Defendants deny the allegations set forth in paragraph 59 to the extent the allegation suggests MB was in any way involved in the Project or the storage of Plaintiff's belongings. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 59 of the Complaint, and therefore deny same and demand strict proof therein.

60. MB Defendants deny the allegations set forth in paragraph 60 to the extent the allegation suggests MB was in any way involved in the Project or storage of Plaintiff's belongings. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 60 of the Complaint, and therefore deny same and demand strict proof therein.

61. MB Defendants deny the allegations set forth in paragraph 61 to the extent the allegation suggests MB was in any way involved in the Project or storage of Plaintiff's belongings. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 61 of the Complaint, and therefore deny same and demand strict proof therein.

62. MB Defendants deny the allegations set forth in paragraph 62 of the Complaint, to the extent it is alleged MB Defendants received any payment directly, or indirectly from Neeman or CFL in relation to Plaintiff or the Project in general. MB Defendants are without knowledge as

to the balance of allegations and therefore deny same and demand strict proof therein.

63. MB Defendants deny the allegations set forth in paragraph 63 to the extent the allegation suggests MB Defendants were in any way involved in the Project or retaining and compensating subcontractors or vendors. MB Defendants are without sufficient knowledge to either admit or deny the balance of allegations set forth in paragraph 63 of the Complaint, and therefore deny same and demand strict proof therein.

64. MB Defendants deny the allegations set forth in paragraph 64 of the Complaint, to the extent it is alleged MB Defendants received any payment directly, or indirectly from Neeman or CFL in relation to Plaintiff or the Project in general. MB Defendants are without knowledge as to the balance of allegations and therefore deny same and demand strict proof therein

65. MB Defendants deny the allegations set forth in paragraph 65 of the Complaint, to the extent it is alleged MB Defendants performed any work at the Project or on behalf of Plaintiff. MB Defendants are without knowledge as to the balance of allegations and therefore deny same and demand strict proof therein.

66. MB Defendants deny the allegations set forth in paragraph 66 of the Complaint, to the extent it is alleged MB Defendants performed any work at the Project or on behalf of Plaintiff. MB Defendants are without knowledge as to the balance of allegations and therefore deny same and demand strict proof therein.

67. MB Defendants deny the allegations set forth in paragraph 67 of the Complaint, and demand strict proof therein.

68. MB Defendants are without knowledge to admit or deny the allegations set forth in paragraph 68 of the Complaint, and therefore deny same and demand strict proof therein.

**COUNT I – Breach of Contract**
(Against Defendant MB)

69. MB Defendants reallege each and every response to the allegations asserted in

paragraphs 1-68 above.

70. MB denies the allegations set forth in paragraphs 70 - 80 of the Complaint, and demands strict proof therein.

### COUNT II – Breach of Contract
(Against Defendant NEEMAN and CFL)

Paragraphs 81 -88 are not directed at either MB Defendants thus a response is not necessary. To the extent a response is necessary MB Defendant deny the allegations contained Count II and demand strict proof therein

### COUNT III – Fraud
(Against Defendant NEEMAN)

Paragraphs 89 -03 are not directed at either MB Defendants thus a response is not necessary. To the extent a response is necessary MB Defendant deny the allegations contained Count II and demand strict proof therein

### COUNT IV – Breach of Contract
(Against Defendants MB and Bohadana)

MB Defendants reallege each and every response to the allegations asserted in paragraphs 1-68 above.

94. MB denies the allegations set forth in paragraphs 94 - 100 of the Complaint, and demands strict proof therein.

### COUNT V – Negligence
(Against All Defendants)

MB Defendants reallege each and every response to the allegations asserted in paragraphs 1-68 above.

101. MB Defendants deny the allegations set forth in paragraphs 101 - 106 of the Complaint, and demands strict proof therein.

### COUNT VI – Unjust Enrichment
(Against MB, Neeman and CFL)

107. MB Defendants reallege each and every response to the allegations asserted in paragraphs 1-68 above.

MB denies the allegations set forth in paragraphs 107 - 112 of the Complaint as they relate to MB, and demands strict proof therein.

## COUNT IV – Negligence Per Se
(Against Defendants MB and Bohadana)

MB Defendants reallege each and every response to the allegations asserted in paragraphs 1-68 above.

113. MB Defendants deny the allegations set forth in paragraphs 113 - 118 of the Complaint, and demand strict proof therein.

## COUNT VII – Negligence Per Se
(Against Defendant NEEMAN and CFL)

Paragraphs 119 -122 are not directed at either MB Defendants, thus a response is not necessary.

To the extent a response is necessary, MB Defendant deny the allegations contained Count VII and demand strict proof therein

## COUNT IX – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
(Against Defendants MB and Bohadana)

MB Defendants reallege each and every response to the allegations asserted in paragraphs 1-68 above.

123. MB Defendants deny the allegations set forth in paragraphs 123 - 126 of the Complaint, and demand strict proof therein.

## COUNT X – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
(Against Defendant NEEMAN and CFL)

Paragraphs 127 -131 are not directed at either MB Defendants, thus a response is not necessary.

To the extent a response is necessary, MB Defendant deny the allegations contained Count X and demand strict proof therein

## COUNT X – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
(Against Defendant NEEMAN and CFL)

Paragraphs 132 -135 are not directed at either MB Defendants, thus a response is not necessary. To the extent a response is necessary, MB Defendant deny the allegations contained Count XI and demand strict proof therein

### COUNT XII – Statutory Damages
(Against All Defendants)

MB Defendants reallege each and every response to the allegations asserted in paragraphs 1-68 above.

136. MB Defendants deny the allegations set forth in paragraphs 136 - 142 of the Complaint as they relate to them, and demand strict proof therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Bohadana individually for negligence and negligence per se fail to state a claim which relief can be granted. Plaintiff attempts to hold Bohadana individually liable for the alleged negligence of the corporate entity in which Bohadana was the president and qualifying agent. Under Florida law, an officer or shareholder will not be held accountable for the acts of the corporation without evidence of their direct participation in the tortious conduct and independent actionable conduct. *Eclipse Medical Inc. v. American Hydro-Surgical Instruments* 262 F. Supp. 2d 1334 (S.D. Fla. 1999). Moreover, "pleading negligence is an ultimate fact, not a conclusion of law, and, therefore, the attorney must plead the relationship of the parties and the circumstances out of which the duty arises in addition to the prima facie elements." *Florida District Council of Assemblies of God v. Pan American Investment & Development Corp.*, 450 So.2d 1231 (Fla. 4th DCA 1984). Likewise, "merely alleging a breach of the statutory duty to supervise the construction

project cannot give rise to a negligence claim." *Scherer v. Villas Del Verde Homeowners Ass'n, Inc.*, 55 So. 3d 602, 605 (Fla. 2d DCA 2011).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Bohadana individually for breach of contract fail to state a claim which relief can be granted. Plaintiff attempts to hold Bohadana individually liable for the alleged breach of the corporate entity in which Bohadana was the president and qualifying agent. Under Florida law, an officer or shareholder will not be held accountable for the acts of the corporation without evidence of their direct participation in the tortious conduct and independent actionable conduct. *Eclipse Medical Inc. v. American Hydro-Surgical Instruments* 262 F. Supp. 2d 1334 (S.D. Fla. 1999). Plaintiff fails to even begin to allege sufficient facts to support piercing the corporate veil, thus Bohadana individually is not subject to liability in relation to the alleged contractual breaches of MB.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of contract against the MB Defendants fail as a matter of law to the extent the alleged contract is not executed by any of the parties involved in the subject litigation, thus there is no enforceable contract attached to the Complaint under which to sue MB Defendants.

## FOURTH AFFIRMATIVE DEFENSE

MB Defendants assert that, Plaintiffs cause of action for Unjust Enrichment is barred as there is allegedly an adequate remedy at law in light of Plaintiffs twelve count Complaint, eleven of which seek monetary damages. Moreover, Plaintiff's claim for unjust enrichment is further barred to the extent that an enforceable contract exists.

### FIFTH AFFIRMATIVE DEFENSE

MB Defendants assert that, Plaintiffs causes of action for Breach of Contract, negligence negligence per se, and violations of the Florida Deceptive and Unfair Trade Practices Act, are barred as neither MB or Bohadana individually are liable for acts of their alleged agents which are outside the scope of their actual or apparent authority. Neeman possessed no actual authority as he was not, an employee, agent or officer of MB during the time of the alleged Project. Moreover, neither Neeman nor CFL had any apparent authority as demonstrated by their requiring all payments to be issued to Neeman and/or CFL directly, as opposed to MB or its principle. Finally, neither MB nor Bohadana can be held liable for Neeman or CFL's actions as they were adverse to the interest of MB and Bohadana, considering Neeman and/or CFL were the only individuals or entities receiving payment under a contract allegedly entered into by MB. A true and correct copy of *Bohadana's DBPR Affidavit of Unauthorized Use of a Contractor's License* is attached herein as Exhibit "A."

### SIXTH AFFIRMATIVE DEFENSE

MB Defendants assert that, Plaintiff's claims are barred to the extent Plaintiff's own negligence solely caused or contributed to the accident, injuries, and damages, because, *inter alia,* she acted in such a careless and negligent manner, and such contributory fault and comparative negligence chargeable to the Plaintiff diminishes proportionally any amount awarded as economic and non-economic damages against the MB Defendants for any injury as otherwise and more fully provided pursuant to Florida Statute § 768.81. Plaintiff was herself negligent and assumed the risk

of damages incurred by agreeing to pay Neeman and/or CFL directly, in spite of the fact the allegedly executed contract was with a completely different company than the person or company she was paying.

### SEVENTH AFFIRMATIVE DEFENSE

MB Defendants assert that, Plaintiffs cause of action for Unjust Enrichment is barred as neither MB nor Bohadana ever received a benefit from the underlying agreement. Indeed, Plaintiff's Complaint and the contract demonstrate all payments were made to Neeman and/or CFL and no evidence of MB Defendants receiving payment is ever offered

### EIGHTH AFFIRMATIVE DEFENSE

MB Defendants assert that, Plaintiffs causes of action for Breach of Contract, negligence negligence per se, and violations of the Florida Deceptive and Unfair Trade Practices Act, are barred to the extent that MB Defendants were likewise victims of Neeman and CFL's fraud as neither MB Defendant provided Neeman or CFL authority to utilize its license or act on behalf of MB at the subject Project. In fact, MB Defendants were victims of fraudulent acts of Neeman and CFL on another project in which Neeman and CFL fraudulently, and without authorization, utilized MB's license and company name to defraud another homeowner. The matter was investigated by the DBPR who after reviewing the case file at length, determined no probable cause existed to suggest MB Defendants had violated Florida licensing laws and the case file was closed. A true and correct copy of *Bohadana's Reply to DBPR Investigation No 2024002496 and Subsequent Finding of No Probable Cause* is attached herein as Composite Exhibit " B."

**NINTH AFFIRMATIVE DEFENSE**

MB Defendants affirmatively allege that Plaintiff's alleged injuries and damages, if any were caused solely or partially by an unforeseeable, superseding and intervening cause, specifically the fraudulent actions of Bohadana and CFL.

**TENTH AFFIRMATIVE DEFENSE**

MB Defendant are entitled to a reduction of the amount of any such award recovered by the Plaintiff in this action by the total of all amounts which have been paid for the benefit of the Plaintiff, or which are otherwise available to her, from all collateral sources. Such reduction shall be off-set to the extent of any amount which has been paid, contributed or forfeited by, or on behalf of, the claimant or members of her immediate family to secure her right to any collateral source benefit which she has received as a result of the alleged damages. This set-off is pursuant to Florida Statute § 768.76, and any other applicable laws.

**ELEVENTH AFFIRMATIVE DEFENSE**

MB Defendants assert that Plaintiff's damages, if any, must be reduced by the percentage of fault attributable to all persons or entities who are either parties or non-parties to this suit. Florida Statute §768.81 applies to this action and, in accordance with *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), the names of the third parties or non-parties must appear on the verdict form and will be identified as discovery proceeds.

**TWELFTH AFFIRMATIVE DEFENSE**

MB Defendants assert Plaintiff has failed to mitigate her damages; and to the extent She has so failed to mitigate, she is barred and estopped from recovery against MB Defendants. Specifically, Plaintiff was contributorily negligent in that she paid, and continued to pay an entity

and or person, wholly separate and apart from the entity named in the contract she allegedly executed for the project. Moreover, Plaintiff continued paying these wholly unverified parties even after continually uncovering their lies and total lack of competence and diligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

MB Defendants assert Plaintiff's claim for Statutory Damages is barred to the extent that statutory damages under 786.0425 are simply a means of potentially collecting treble/punitive damages in certain instances, and is not in itself a cause of action.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this the 14th day of June, 2024 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF filing system.

        **The Tolley Firm, P.A.**
        Attorneys for Plaintiff
        2600 S. Douglas Rd, Ste 1008
        Coral Gables, Florida 33134
        Mobile: 804 840 3090
        Office 305.444.6116
        Justin@Tolleyfirm.com - Primary
        Jtolley189@gmail.com – Secondary

_____
JUSTIN M. TOLLEY
Florida Bar No. 111239