UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-60382-DSL

JESSICA PIAFSKY, an individual,
                                                Plaintiff,

v.

MB HOME IMPROVEMENTS INC. a Florida Corporation, MAXIM BOHADANA, an Individual, ROI NEEMAN, an Individual and CONSTRUCTION FORT LAUDERDALE, INC. d/b/a MB HOME IMPROVEMENTS, a Florida Corporation,
                                                Defendants.

## PLAINTIFF'S AGREED MOTION TO EXTEND THE TIME TO MEDIATE THE ACTION, VACATE THE COURTS AUGUST 21, 2024 ORDER AND APPOINT A MEDIATOR OR IN THE ALTERNATIVE EXCUSE THE PARTIES FROM MEDIATION

Plaintiff, by and through her attorneys, Berenthal & Associates, P.A. and pursuant to Fed. R. Civ. Pro. Rule 6(b)(1)(a) respectfully moves this Court to (i) extend the time for the parties to mediate the instant matter, (ii) vacate its August 21, 2024 order appointing Barry J. Davis as mediator and either (iii) allow the clerk to appointed mediator to conduct mediation or (iv) excuse the parties from mediation and states as follows:

1. The instant action was commenced on March 8, 2024 with the filing of the Complaint in the instant action.

2. Defendant Roi Neeman ("Neeman") was served with a copy of the summons and complaint in the instant action on March 12, 2024; Defendant Construction Fort Lauderdale, Inc. ("CFL") was served with a copy of the summons and complaint in the instant action on March 12, 2024; Defendant Maxim Bohadana ("Bohadana") was served with a copy of the summons and

1

complaint in the instant action on April 2, 2024, and; Defendant MB Home Improvements, Inc. ("MBHI") was served with a copy of the summons and complaint on April 3, 2024.

3. On May 7, 2024, Neeman filed a Suggestion of Bankruptcy,[D.E. 20], and on May 10, 2024, the Court issued an order staying these proceeding against Defendant Neeman [D.E. 22].

4. On May 24, 2024, the clerk issued a Clerk's default against CFL for failing to answer the Complaint.

5. On June 14, 2024. Defendants Bohadana and MBHI filed their answer with affirmative defenses.

6. On August 20, 2024, Plaintiff's counsel and counsel for the remaining defendants, Bohadana and MBHI conferred regarding the selection of a mediator and pursuant to the Court's Scheduling Order, submitted their joint notice informing the court of their election to use Barry L. Davis as mediator. [D.E 41]. Mr. Davis' office had confirmed their availability and requested that when the parties were ready to confirm the mediation that they transmit a copy of the Notice of Mediation to Mr. Davis' office.

7. On August 21, 2024, this Court issued its Order Scheduling Mediation ordering that mediation was to be had before Barry L. Davis on November 6, 2024, and shortly thereafter the parties sent a copy of the Order Scheduling Mediation to Mr. Davis' office. It was only after Mr. Davis' office received a copy of the order, and confirmed of the number of parties that would be participating in the mediation that Mr. Davis provided his rate for services. Mr. Davis rates were based on the number of parties mediating the matter which would result in a charge in excess of the $350.00 rate that would be charged by a court appointed mediator. Mr. Davis also required a security deposit for four hours of service (pre-mediation and mediation) to be paid in advance.

8. Plaintiff informed Mr. Davis' office that they were ready willing and able to make the required payment, however Defendants Bohadana and MBHI demurred and were not willing to make such payments. As a result mediation did not occur.

9. It is undersigned counsel's understanding that a Court appointed mediator's rates are governed by the standing order of the Court, and would likely result in a less expensive cost for mediation.

10. At this time Plaintiff respectfully requests that the Court (i) extend the time for the parties to mediate the instant matter; (ii) vacate its August 21, 2024 hour appointing Barry L. Davis as mediator and (iii) either appoint (or allow the clerk to appoint) a new neutral mediator whose rate are governed by the standing order of the Court, as amended by the Chief Judge, or in the alternative, that the Court excuse the parties from mediation.

11. Plaintiff's counsel has conferred with Justin Tolley, counsel for Defendants Bohadana and MBHI and he has agreed to the relief set forth herein.

Dated: November 6, 2024

        **BERENTHAL & ASSOCIATES, P.A.**
        By: /s/ David W. Berenthal
        David W. Berenthal
        Florida Bar No. 159220
        E-mail: dwb@berenthalaw.com
        255 Alhambra Circle
        Suite 1150
        Coral Gables, FL 33134
        Telephone: (212) 302-9494

**CERTIFICATE OF GOOD FAITH CONFERENCE;
CONFERRED AND AGREED TO RELIEF**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with counsel for the parties who may be affected by the relief sought in the motion, *to wit*, Maxim Bohadana on his behalf and for MB Home Improvement, Inc. agreed to the request set forth herein.

/s/ David W. Berenthal<br>David W. Berenthal

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2024, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, who will serve the document on the remaining parties affected by this motion (and who have not defaulted and/or declared bankruptcy), to wit Maxim Bohadana and MB Home Improvements, Inc.

By: /s/ David W. Berenthal
David W. Berenthal