UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-60382-DSL

JESSICA PIAFSKY, an individual,

Plaintiff,

v.

MB HOME IMPROVEMENTS INC. a Florida Corporation, MAXIM BOHADANA, an Individual, ROI NEEMAN, an Individual and CONSTRUCTION FORT LAUDERDALE, INC. d/b/a MB HOME IMPROVEMENTS, a Florida Corporation,

Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND TO EXTEND THE TIME TO FILE MOTIONS TO AMEND PLEADINGS AND/OR JOIN PARTIES**

Plaintiff, by and through her attorneys, Berenthal & Associates, P.A. and pursuant to Fed. R. Civ. Pro. Rule 15(a)(2), the Court's Scheduling Order dated July 31, 2024 [D.E. 39] and the Court's Order dated November 13, 2024 extending the parties time to file motions to amend pleadings [D.E. 48], hereby respectfully moves this Court for (i) leave to amend the Complaint and (ii) further extend the time for the parties to file motions to amend pleadings and/or join parties and states as follows:

**PROCEDURAL BACKGROUND**

1. The instant action was commenced on March 8, 2024 with the filing of the Complaint in the instant action.

2. Defendant Roi Neeman ("Neeman") was served with a copy of the summons and complaint in the instant action on March 12, 2024; Defendant Construction Fort Lauderdale, Inc.

("CFL") was served with a copy of the summons and complaint in the instant action on March 12, 2024; Defendant Maxim Bohadana ("Bohadana") was served with a copy of the summons and complaint in the instant action on April 2, 2024, and; Defendant MB Home Improvements, Inc. ("MBHI") was served with a copy of the summons and complaint on April 3, 2024.

3. On May 7, 2024, after having received two extensions of time to respond to the complaint, Neeman filed a Suggestion of Bankruptcy,[D.E. 20], and on May 10, 2024, the Court issued an order staying these proceeding against Defendant Neeman [D.E. 22].

4. On May 22, 2024, CFL defaulted in answering the Complaint and on May 24, 2024, the clerk issued a Clerk's Default. As of the date of this filing of this motion, Plaintiff is finalizing her motion for a default final judgment against CFL.

5. On June 14, 2024, Defendants Bohadana and MBHI filed this answer with affirmative defenses. [D.E. 31].

6. On July 31, 2024, the Court issued its Order Setting Jury Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (the "Scheduling Order") [D.E. 39]. The Scheduling Order set the parties deadline to file motions to amend pleadings (or to join parties) as Saturday, November 9, 2024, to Fed. R. Civ. Pro. Rule 6 Joint Scheduling Order, which pursuant to Fed. R. Civ. Pro. Rule 6(a) moved the deadline to November 12, 2024.

7. On November 13, 2024, upon the Plaintiff's unopposed motion , the Court extended the parties time to file motions to amend pleadings and/or to add parties to December 12, 2024.

## ADDITIONAL FACTS

8. The instant action is one that sounds in breach of contract, as well as fraud, negligence and deceptive trade practices. As set forth in the Complaint [D.E, 1], Plaintiff had entered into a contract to have extensive renovations performed at her property at 3272 SW 51st Street, Hollywood, Florida, (the "Property"). The defendants in the instant action failed to complete the renovations despite Plaintiff's payments. Plaintiff subsequently learned that the small amount of work that was performed was performed by unlicensed individuals without any supervision by properly licensed contractors and that the majority of the work that was performed was defective.

9. The Complaint refers to a "revised bid, the terms of which are annexed hereto as Exhibit A, and the bid became the contract between MB and PIAFSKY." Complaint ¶36, Ex. A. Unfortunately, due to the numerous exchanges of documents at the time between the Defendants and Plaintiff and as explained below, the document attached to the Complaint as Exhibit A was attached in error.

10. On September 12, 2024, in the Bankruptcy action filed by Neeman in the Bankruptcy Court for the Southern District of Florida, Case No. 24-14482-PDR, Neeman appeared for an examination under oath duces tecum pursuant to Fed. R. Bankr. P. 2004 ("Rule 2004"). Pursuant to the Rule 2004 demand for documents, Neeman produced a nine page document entitled "Invoice/Work Order" that had been signed by Plaintiff (the "Contract"). Due to the low quality of the images product by Neeman, the majority of the typewritten text on the document was not visible. However, based on the visible unique markings on the pages, and Plaintiff's knowledge of the case, Plaintiff was able to produce a legible version of the document.

11. At Neeman's Rule 2004 examination Neeman confirmed, under oath, that the nine page Contract was the contract for the project at Plaintiff's property, which is the subject matter of this dispute. Neeman further testified that the Contract had been countersigned.

12. For the purposes of accuracy, Plaintiff now wishes to substitute the Contract for the exhibit that currently appears as Exhibit A to the Contract. Plaintiff will also amend paragraph 36 accordingly.

13. Paragraph 52 has also been corrected as it previously identified Exhibit B as the amended contract when in fact Exhibit B was an unsigned invoice/bid that was generated to reflect that PIAFSKY would pay the kitchen cabinet materialman/subcontractor directly for cabinets and installation, a cost that was previously included in the initial contract, and that $32,000.00 was "On Hold" and would be used once permits were applied for the outdoor portion of the project.

14. Other minor typographical and punctuation errors have been corrected.

15. The changes made by the amendment are for clarification, and no new causes of action or parties are being added to the Complaint.

16. As discovery is ongoing, Plaintiff desires to leave room open to further amend the Complaint should discovery result in additional facts currently unknown to Plaintiff, and if necessary, to add additional parities. For example, it is unknown at this time the full extent of defendant Neeman's wife's participation in the deception and fraud that is alleged in the complaint. Similarly it is unknown whether any of defendant MBHI are personally liable for their actions. Thus Plaintiff seeks to extending the time for the parties to move to amend the pleadings and/or add parties until discovery is further completed.

**MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 15 provides that, other than a first amendment as a matter of course, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The same rule clarifies that "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A "district court[] ha[s] only limited discretion to deny a party leave to amend the pleadings." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996). Further, "[l]eave to amend should be 'freely given when justice so requires' unless there is an 'apparent or declared reason' to deny it such as 'undue prejudice to the opposing party.'" *See Pinnacle Advert. & Mktg. Group, Inc. v. Pinnacle Advert. & Mktg. Group, LLC*, 7 F.4th 989, 1000 (11th Cir. 2021) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Readily granting leave to amend "facilitate[s] [the] determination of claims on the merits .. . thus, 'unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). Reasons for denying leave to amend can include "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party.'" Id.

Here Plaintiff has moved to amend minor errors in its Complaint, that the wrong document was attached to the Complaint as Exhibit A, and the description for Exhibit B was imprecise. Any delay that has occurred in filing has been due to counsel's extraordinary challenging schedule over last few months (and has already been explained to the Court [D.E. 49]), and absolutely no prejudice has been suffered by reason of any delay. Discovery remains ongoing and the amendment does not

affect the causes of actions, but only attaches the document that the defendants Roi Neeman and CFL have confirmed to be the contract.

Granting this motion thus furthers the Federal Courts' preference for determining claims on their merits. See *Krupski v. Costa Crociere* S. p. A., 560 U.S. 538, 550 (2010) (noting the "preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."); see *Griffin v. ISS Facility Services, Inc.*, 8:15-CV-2849-T-23CPT, 2018 WL 7985888, at *2 (M.D. Fla. July 17, 2018) ("The judicial system's preference for the resolution of a case on the merits underlies Rule 15(a), . . . a district court should not deny a motion to amend absent 'a substantial reason.'"). This motion is made in good faith and is not intended to delay these proceedings or in any way prejudice Defendants.

Plaintiff's additional request, that the Court extend the time to move to amend the complaint and/or add parties is similarly justified in this matter. The instant case has been complicated by defendant Neeman's declaration of bankruptcy as well as CFL's failure to appear in the action. While discovery is ongoing, certain parties must now be treated as third parties in the action, which will likely delay production of information. However, facts adduced in discovery may provide for additional claims against the remaining defendants and may also reveal other parties that can be personally liable. Extending the time to move to amend the complaint and/or add parties by sixty days should allow sufficient time for discovery to advance to the point where Plaintiff can determine if additional amendments are desired and if any other party should be added. Extending the deadline to amend/add a party furthers the Federal Courts' preference for determining claims on their merits. See *Krupski v. Costa Crociere* S. p. A., 560 U.S. 538, 550 (2010), and no prejudice will be suffered by any party in extending such deadline.

A copy of the First Amended Complaint with exhibits is annexed hereto as Exhibit A.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend the Complaint against the remaining defendants Maxim Bohadana and MB Home Improvements, Inc., and further extend the time for the parties to file motions to amend pleadings and/or join parties by no less than sixty (60) days, and to grant Plaintiff such other and further relief as this Court deems just and appropriate.

Dated: December 12, 2024

**BERENTHAL & ASSOCIATES, P.A.**
By: /s/ David W. Berenthal
David W. Berenthal
Florida Bar No. 159220
E-mail: dwb@berenthalaw.com
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
Telephone: (212) 302-9494

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that I attempted to confer with counsel for the Maxim Bohadana and MB Home Improvements, but was unable to contact him.

/s/ David W. Berenthal
David W. Berenthal

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2024, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will notify the remaining defendants of this filing.

By: /s/ David W. Berenthal
David W. Berenthal