UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-60382-DSL

JESSICA PIAFSKY, an individual,
Plaintiff,

v.

MB HOME IMPROVEMENTS INC. a Florida Corporation, MAXIM BOHADANA, an Individual, ROI NEEMAN, an Individual and CONSTRUCTION FORT LAUDERDALE, INC. d/b/a MB HOME IMPROVEMENTS, a Florida Corporation,
Defendants.

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY**

Plaintiff, by and through her attorneys, Berenthal & Associates, P.C. and pursuant to Fed. R. Civ. Pro. Rule 37 respectfully moves this Court to compel the defendants MB Home Improvements, Inc. and Maxim Bohadana to produce documents responsive to discovery requests and to make disclosure pursuant to Fed. R. Civ. P. Rule 26(a) and states as follows:

The instant action was commenced on March 8, 2024 with the filing of the omplaint in the instant action. Plaintiff seeks damages against the defendants for damage done to her property at 3272 SW 51st Street, Hollywood, Florida. At the core of the complaint are the entities doing business under the name "MB Home Improvements" and their respective owners. A defaulting defendant, Construction Fort Lauderdale, Inc. ("CFL"), was doing business under the name "MB Home Improvements", offering home construction services[1]. Plaintiff entered into a contract with

[1] Defendant CFL was owned and operated by Defendant Roi Neeman ("Neeman"), who has since filed for Chapter 7 bankruptcy. The claims against Neeman are being adjudicated in the Bankruptcy Court for the Southern District of Florida.

an entity that called itself "MB Home Improvements" to perform extensive renovations at her premises at 3272 SW 51st Street, Hollywood, Florida. Unfortunately, after months having gone by, and after having paid almost 88% of the total contract price, less than ten percent of the contract was performed. The contractor missed multiple deadlines and for all intents and purposes had stopped dedicating time to the project. Plaintiff was forced to terminate "MB Home Improvements" and hire a new contractor.

After terminating "MB Home Improvements" it came to light that CFL, while doing business under the name "MB Home Improvements" was advertising its services using a different entity's license. This other entity is Defendant, MB Home Improvements, Inc. ("MBHI"). MBHI is owned and operated by defendant Maxim Bohadana ("Bohadana") and operates under Bohadana's licenses as a Certified Roofing Contractor and Certified Building Contractor. Although Bohadana and MBHI have disclaimed any involvement with the project, evidence points to support the fact that Bohadana either "rented" out MBHI's licenses to CFL or he subcontracted his work to an unlicensed entity, *to wit*, CLF . CFL would advertise and enter into contracts under MBHI's contractor licenses, and pay a fee to Bohadana. However, Bohadana did not oversee any of the work done at the premises, and all work was performed under the auspices of an unlicensed individual, i.e., defendant Roi Neeman. This scheme was disguised by the defendants using the similar name "MB Home Improvements" in their business transactions.

On November 26, 2024, Plaintiff served defendants Maxim Bohadana and MBHI with Requests for Production. The defendants failed to respond to these requests. On December 11, 2024, undersigned counsel contacted Justin Tolley, counsel for the Bohadana and MBHI, via e-mail and requested that the defendants provide plaintiff with the information for the defendants insurance

carrier and a copy of defendants policy pursuant to Fed. R. Civ. P. Rule 26(a)(1)(A)(iv). Defendants did not respond to that request.

On January 2, 2025, undersigned counsel contact Justin Tolley by telephone to discuss the outstanding discovery requests. Mr. Tolley requested an extension to time to the end of the month to respond to the discovery. Undersigned counsel responded that he would only agree to such an extension if defendants provided that insurance information that was previously requested. Defendants did not provide such information and no extension of time was agreed to.

At this time, Defendants had failed to produce any documents or insurance information, and factual discovery is currently scheduled to end in the first half of March. Plaintiff will be prejudiced without production of the responsive documents.

Wherefore, Plaintiff respectfully requests that the Court grant this motion, ordering the defendants to produce those documents responsive to the requests for production and provide plaintiff with the information for the defendants insurance carrier and a copy of defendants policy pursuant to Fed. R. Civ. P. Rule 26(a)(1)(A)(iv), ordering the defendants or the counsel or both to pay the plaintiff's reasonable expenses incurred in making the motion, including attorney's fees and for such other and further relief as this court deems just and appropriate.

Dated: January 30, 2025

**BERENTHAL & ASSOCIATES, P.C.**
By: /s/ David W. Berenthal
David W. Berenthal
Florida Bar No. 159220
E-mail: dwb@berenthalaw.com
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
Telephone: (212) 302-9494

**CERTIFICATE OF GOOD FAITH CONFERENCE;**
**UNABLE TO RESOLVE DISPUTE**

Pursuant to Local Rule 7.1(a)(3)(A) and Fed. R. Civ. P. Rule 37(a)(1), I hereby certify that counsel for the movant has conferred with counsel for the parties who may be affected by the relief sought in the motion, *to wit*, counsel for Maxim Bohadana and MB Home Improvement, Inc. and that they were unable to resolve the dispute.

/s/ David W. Berenthal
David W. Berenthal

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

Justin Tolley, Esq., counsel for MB Home Improvements, Inc. and Maxim Bohadana

By: /s/ David W. Berenthal
David W. Berenthal