UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-CV-60382

JESSICA PIAFSKY, an individual,

         Plaintiff,

v.

MB HOME IMPROVEMENTS INC. a Florida corporation, MAXIM BOHADANA, an individual, ROI NEEMAN, an individual and CONSTRUCTION FORT LAUDERDALE INC.d/b/a MB HOME IMPROVEMENTS, a Florida corporation,

         Defendants

## **RENEWED MOTION TO WITHDRAWAL AS COUNSEL FOR DEFENDANTS, MB HOME IMPROVEMENT INC., AND MAXIM BOHADANA**

  Undersigned counsel for Defendants, MB Home Improvement Inc. ("MB") and Maxim Bohadana ("Bohadana") (MB and Bohadana collectively referred to as "MB Defendants") files his Renewed Motion for Withdrawal as Counsel of Record for MB Defendants and in support thereof state as follows:

  1. The undersigned counsel has represented MB Defendants in the above-captioned matter.

  2. Irreconcilable differences have arisen between the undersigned counsel and MB Defendants, rendering continued representation unfeasible and ethically challenging.

  3. On January 29, 2025, Defendants counsel filed a Motion to Withdraw as Attorney for Maxim Bohadana and MB Home Improvements, Inc., which counsel for Plaintiff opposed (" Defendant's First Motion to Withdrawal") [ECF No. 63].

4. That same day, Plaintiff moved for default against Defendants because Defendants failed to respond to Plaintiff's Amended Complaint a response to which was due on January 24, 2024 [ECF No. 61].

5. Defendants immediately filed a Motion Requesting this Court allow its initial Answer [ECF No. 31] to be incorporated as its Answer to Plaintiff's Amended Complaint in light of the Amended Complaint's lack of substantive changes. [ECF No. 62].

6. The following day, on January 30, 2025, this Court entered an Order denying Plaintiff's Motion for Default as well as both Defendant's Motion to Withdrawal, and Motion to Incorporate its Previous Answer as it Answer to the Amended Complaint. [ECF No. 64].

7. The Order seemingly denied all three Motions without prejudice and required Defendant file its Answer to the Amended Complaint no later than February 14, 2025. [ECF No. 64].

8. The same day, Defendants filed their Answer to Plaintiff's Amended Complaint. [ECF No. 66].

9. It should also be noted that undersigned has been in contact with insurer for Defendants who are reviewing the case file to determine coverage and potentially providing defense counsel to Defendant.

10. On account of Defendants compliance with the Court's recent Order, and the Court's Order being specified as without prejudice as to Defendants' counsel's Motion to Withdrawal, Defendants' counsel files the instant renewed Motion for Withdrawal as Counsel of Defendants.

11. The Local Rules for the Southern District of Florida stipulate that "no attorney shall withdraw the attorney's appearance in any action or proceeding except by leave of Court after notice served on the attorney's client and opposing counsel." *Jenkins v. Akima Glob. Servs., LLC,* 2024 U.S. Dist. LEXIS 106954 *Cano v. 245 C & C, LLC*, 2023 U.S. Dist. LEXIS 183775. S.D. Fla. L.R. 11.1(d)(3)(A) *Jenkins v. Akima Glob. Servs., LLC,* 2024 U.S. Dist. LEXIS 106954, Cano v. 245 C & C, LLC, 2023 U.S. Dist. LEXIS 183775.

4. It is well-established that a corporation, such as MB, cannot appear *pro se* and must be represented by counsel. *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985) *New Eng. Tech., Inc. v. Sigma Tech Sales, Inc.*, 2014 U.S. Dist. LEXIS 199476, B*aez v. LTD Fin. Servs., L.P.,* 2019 U.S. Dist. LEXIS 247339.

5. The term irreconcilable differences is recognized by courts as a valid ground for withdrawal, indicating that the lawyer can no longer ethically and fairly represent the client *Alonso v. Alonso*, 2022 U.S. Dist. LEXIS 157593.

6. The undersigned counsel has made diligent efforts to resolve these differences, but such efforts have been unsuccessful, and continued representation is not possible.

7. The undersigned counsel has notified MB Defendants of the intention to withdraw and has advised them of the necessity to obtain substitute counsel to avoid any prejudice to their case. [*See* **Ex A**; *Email Correspondence Consenting to Withdrawal.*].

8. The undersigned counsel has also notified opposing counsel of this motion, and undersigned has objected to the relief sought.

**WHEREFORE**, the undersigned counsel respectfully requests that this Court grant the motion to withdraw as counsel for MB Home Improvements Inc. and Maxim Bohadana, and provide

MB Defendants with a reasonable period to secure new representation or in the event the Court denies the Renewed Motion to Withdrawal, undersigned respectfully asks the Court to clarify if and when the court will permit withdrawal.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this the 1st day of February, 2025 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF filing system.

**The Tolley Firm, P.A.**
Attorneys for Defendants
2600 S. Douglas Rd, Ste 1008
Coral Gables, Florida 33134
Mobile: 804 840 3090
Office 305.444.6116
Justin@Tolleyfirm.com - Primary
Jtolley189@gmail.com – Secondary

USTIN M. TOLLEY
Florida Bar No. 111239