UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60382-LEIBOWITZ/AUGUSTIN-BIRCH

JESSICA PIAFSKY,

    Plaintiff,

v.

MB HOME IMPROVEMENTS, INC., *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

This matter comes before the Court on Plaintiff Jessica Piafsky's Motion to Compel Responses to Discovery directed toward Defendants MB Home Improvements, Inc. and Maxim Bohadana.  DE 65.  Defendants filed a Response to the Motion to Compel, and Plaintiff has not filed a Reply.  DE 75.  The Court scheduled a hearing on the Motion to Compel for March 4, 2025, at 2:00 p.m.  DE 67.  However, upon review of the parties' briefing and the record, the Court concludes that a hearing is unnecessary to resolve the Motion to Compel.  The Court therefore **CANCELS** the hearing.  For the following reasons, the Motion to Compel [DE 65] is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff moves to compel Defendants to provide full initial disclosures under Federal Rule of Civil Procedures 26(a)(1)(A) and to respond to her First Requests for Production, which she served on each Defendant on November 26, 2024.  DE 65; DE 65-1 and -2 (First Requests for Production).  Around the time that Plaintiff filed her Motion to Compel, Defendants' counsel was attempting to withdraw from representation.  *See* DE 63; DE 64; DE 68.  Defendants' counsel was permitted to withdraw, and Defendants subsequently retained new counsel who responded to the

Motion to Compel. *See* DE 69; DE 72; DE 75. In that Response, counsel states that he is "willing[] to work diligently to respond to Plaintiff's pending discovery requests in a timely manner." DE 75 at 2. Counsel produced various documents on the same day that he filed the Response, and he states that he will "work diligently to identify and produce additional documents responsive to the Plaintiff's requests." *Id.* at 2, 5–91.

Given Defendants' counsel's recent appearance in this case, it is appropriate to give Defendants additional time to respond to discovery. At the same time, Defendants' responses are long past due, and discovery in this case must proceed without undue delay. Accordingly, the Motion to Compel [DE 65] is **GRANTED** insofar as Defendants must serve initial disclosures and responses to Plaintiff's First Requests for Production **within 14 days of the date of this Order**, unless the parties reach an alternative, mutual agreement. The parties are reminded of their obligation to supplement a disclosure or response, should they learn that a disclosure or response was incomplete. Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff's request for an award of expenses is **DENIED**. Given that the parties' dispute over Defendants' incomplete disclosures and responses arose at a time when Defendants' prior counsel was attempting to withdraw from representation, and given the willingness that Defendants' new counsel has expressed to diligently complete the disclosures and responses, an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii) (prohibiting an award of reasonable expenses after granting a discovery motion if "other circumstances make an award of expenses unjust"). The hearing set for March 4, 2025, at 2:00 p.m. is **CANCELED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 27th day of February, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE