**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:24-CV-60382**

JESSICA PIAFSKY, an individual,

    Plaintiff,
v.

MB HOME IMPROVEMENTS INC. a Florida
corporation, MAXIM BOHADANA, an individual,
ROI NEEMAN, an individual and
CONSTRUCTION FORT LAUDERDALE INC.
d/b/a MB HOME IMPROVEMENTS, a Florida
corporation,

    Defendants.
_____/

## DEFENDANTS MB HOME IMPROVEMENTS, INC. AND MAXIM BOHADANA'S MOTION FOR STAY OF PROCEEDINGS

COME NOW Defendants MB Home Improvements, Inc. and Maxim Bohadana, (collectively "Bohadana" or "these moving Defendants") by and through their undersigned counsel, and hereby move this Court to order a Stay of Proceedings pending the resolution of the Chapter 7 Bankruptcy petition filed by Defendant Roi Neeman in case number 0:2024bk14482.

Plaintiff filed this action against Mr. Neeman, his company Construction Fort Lauderdale, Inc. ("CFL"), MB Home Improvements, Inc., and Maxim Bohadana, asserting allegations of fraud, breach of contract, negligence, violation of Florida's Deceptive and Unfair Trade Practices Act, and unjust enrichment against all of them. Plaintiff's complaint is premised on the theory that all of these Defendants were engaged in a kind of joint enterprise in which they entered into a contract with Plaintiff, obtained payment for work, never completed the work or performed it badly, and wrongfully retained the money. These moving Defendants state that they had no knowledge of Mr. Neeman's entering into a contract with Plaintiff and no knowledge that Plaintiff had paid Mr.

Neeman any money, until Mr. Bohadana received service of Plaintiff's complaint. These moving Defendants may possess causes of action against Mr. Neeman and Construction Fort Lauderdale.

Mr. Neeman apparently filed an individual petition in bankruptcy on May 7, 2024 in case number 24-14482-BKC-PDR. Mr. Neeman did not file a formal suggestion of stay in this action, but he did file a "Letter" on January 14, 2025 which appears on this Court's journal as Doc. 59. In this filing, Mr. Neeman states, "this case was part of my bankruptcy." Doc. 59. As such, further action against Mr. Neeman is subject to the automatic stay provisions of 11 U.S.C.S. §362.

Plaintiff in response to this information filed a Notice of Joint Liability on January 27, 2025, which appears on this Court's journal as Doc. 60. Plaintiff appears to recognize that the automatic stay would prohibit further action against Mr. Neeman, and also against his business entity Construction Fort Lauderdale, Inc. These Defendants parenthetically agree that Construction Fort Lauderdale, Inc. is likely to be regarded by the bankruptcy trustee as "property" of debtor Roi Neeman. Plaintiff referred to these moving Defendants as "the remaining Defendants."

Plaintiff then pointed out that she was asserting that all of the named defendants were guilty of collusion, and that "it is possible that the defendants will be found jointly and severally liable for the damages suffered by Plaintiff. It is also possible that there will be inconsistent liability between the defendants as defendants MBHI and Bohadana had construction licenses . . . while CFL was not a licensed contractor." Doc. 60 at 3.

These moving Defendants agree that Plaintiff's claims against them are so intertwined with her claims against Mr. Neeman and CFL that any judicial findings against Bohadana will effectively determine the claims against Neeman and CFL. These moving Defendants further state that Plaintiff has no viable independent cause of action against them, in that if these Defendants

are found to be liable for any wrongful conduct whatever, that conduct was only performed by Mr. Neeman acting in Bohadana's name. These Defendants had absolutely no contact with this Plaintiff at any time. In short, it is not possible as a practical matter for Plaintiff to prosecute this action without litigating the wrongfulness of Mr. Neeman's conduct. And Mr. Neeman is subject to a bankruptcy stay. Further, these Defendants are entitled to discover information from Mr. Neeman to defend themselves in this action and are entitled to pursue potential crossclaims against Mr. Neeman. The present bankruptcy stay will not permit this to go forward. In fact, these moving Defendants have been named as creditors in Mr. Neeman's bankruptcy petition.

In these circumstances, it is equitable for this Court to issue a stay of these proceedings pending resolution of the bankruptcy case. Florida District Courts recognize and have exercised their inherent authority to issue stays under these circumstances:

> The automatic stay provisions of 11 U.S.C. §362(a) requires this Court to stay all pending claims against Plaintiff. . . . As a general proposition, the automatic stay provisions of §362(a) do not operate to stay claims against non-debtor defendants. [citation omitted] However, it is well settled that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). . . . "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.,* 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 >Ed. 153 (1938). "In determining whether a stay is appropriate in a particular case, 'the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side.'" *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc. et al.,* No. 9-0249-WS-N, 2009 U.S. Dist. LEXIS 67926, 2009 WL 2413664 at *3 (S.D. Ala. Aug. 3, 2009). . . .
> 
> If I allow the claims against Defendants Stillman and Morrison to proceed even as the claims against Plaintiff are stayed, presumably "this would entail having [the Lilogy Parties] and [Defendants Stillman and Morrison] proceed through discovery and trial on those claims, and then repeat the process with respect to [the Lilogy Parties'] related claims against [Plaintiff] if and when the automatic stay is lifted." *Id.* . . . . I find this approach to be inefficient, "setting the stage for duplicative trials on closely related claims against closely related defendants." *Id.*

> Much of the evidence relating to both sets of claims would be identical. Redundancies of effort on the part of litigants and Court would be large and inevitable, and litigation costs for both sides would be increased substantially. There would be a non-trivial risk of inconsistent judgments. By contrast, [the Lilogy parties and Defendants Stillman and Morrison] ha[ve] identified no prejudice that would accrue if both sets of related claims against both sets of related defendants were litigated together. *Id.*
>
> Thus, I find that a stay of the claims against Plaintiff and Defendants Stillman and Morrison is warranted pursuant to the inherent powers of the Court, and in furtherance of the interests of judicial economy, consistency and justice.

*FarFromBoringPromotions.com, LLC v. Brookline, LLC,* 2022 U.S.Dist. LEXIS 42008 (S.D. Fla. Mar. 9, 2022). The *Gulfmark* court also noted that "A district court's inherent power to stay proceedings is not mitigated or obviated by §362(a)." *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc. et al.,* 2009 U.S. Dist. LEXIS 67926 (S.D. Ala. Aug. 3, 2009). While it may be the case that Bohadana would also be entitled to an "unusual circumstances" stay pursued through the bankruptcy court, this fact does not enlarge or diminish this Court's inherent power to issue a stay.

Similarly, the District Court for the Middle District of Florida granted a stay as to a bankruptcy debtor's co-defendants, holding "a stay of this action is appropriate to avoid piecemeal litigations, as all claims and counter-claims 'are comprised of common questions of law and fact more suitably resolved in a single proceeding.'" *Lanard Toys, Ltd. v. Toys "R" Us-Delaware, Inc.,* 2017 U.S. Dist. LEXIS 187073 (M.D. Fla. Nov. 13, 2017), citing *Peterson v. Avantair, Inc.,* 2013 U.S.Dist. LEXIS 120169 (M.D. Fla. Aug. 23, 2013). In *Blundell v. Home Quality Care Home Health Care,* 2017 U.S. Dist. LEXIS 195765 (N.D. Tx. Nov. 29, 2017), the court granted a similar stay to codefendants pursuant to its inherent power:

> The FLSA claims against all of the defendants arise out of the same transactions or occurrences, present common questions of law and fact, and will involve at least many of the same witnesses and documentary proof, such that judicial economy would not be facilitated by resolving them in separate actions and potentially with separate trials.

*Blundell v. Home Quality Care Home Health Care,* 2017 U.S. Dist. LEXIS 195765 (N.D. Tx. Nov. 29, 2017).

WHEREFORE, Maxim Bohadana and MB Home Improvements, Inc., respectfully move this Court for a stay of these proceedings pending resolution of Defendant Roi Neeman's bankruptcy action.

**Loc.R. 7.1(a)(2) Certification.**

The undersigned has reached out to counsel for the Plaintiff to confer regarding Plaintiff's position on this motion on March 12, 2025. Plaintiff's counsel represented that Plaintiff would oppose the motion. The parties have not succeeded in resolving this issue extra-judicially, making the submission of the present motion necessary.

Date: March 14, 2025,  Respectfully submitted,

By: <u>Andrew W. Bray</u>
Andrew W. Bray, Esq. (Fla. Bar No. 0752401)
Brian P. Henry, Esq. (Fla. Bar No. 0089069)
ROLFES HENRY CO., LPA
110 SE 6th Street, Suite 1920
Fort Lauderdale, Florida 33301
T: (954) 530-5601
F: (954) 530-5291
E: abray@rolfeshenry.com
E: kacuna@rolfeshenry.com
E: bhenry@rolfehenry.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on March 14, 2025.

Daniel W. Berenthal, Esq.
Berenthal & Associates, P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, FL 33134
E: dwb@berenthalaw.com

*Attorney for Plaintiff*

                                         */s/ Andrew W. Bray*
                                         Andrew W. Bray, Esq. (Fla. Bar No. 752401)