UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-60382-DSL

JESSICA PIAFSKY, an individual,

Plaintiff,

v.

MB HOME IMPROVEMENTS INC. a Florida Corporation, MAXIM BOHADANA, an Individual, ROI NEEMAN, an Individual and CONSTRUCTION FORT LAUDERDALE, INC. d/b/a MB HOME IMPROVEMENTS, a Florida Corporation,

Defendants.

**PLAINTIFFS' UNOPPOSED MOTION TO EXTEND PRE-TRIAL/TRIAL DEADLINES**

Plaintiff, by and through her attorneys, Berenthal & Associates, P.A. and pursuant to Fed. R. Civ. Pro. Rule 6(b)(1)(a) respectfully moves this Court to modify the deadline set forth in the Court's Order Setting Jury Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (the "Scheduling Order") [D.E. 39], and states as follows:

1. Plaintiff submits the instant motion as the instant litigation had encountered various roadblocks since the initial Scheduling Order was filed and as a result, Plaintiff seeks to modify the dates in the Scheduling Order to allow the parties to complete discovery and prepare for trial.

2. By way of background, the instant action was commenced on March 8, 2024 with the filing of the Complaint in the instant action. On May 7, 2024, after having received multiple extensions to answer the Complaint, Defendant Roi Neeman ("Neeman") filed a Suggestion of Bankruptcy,[D.E. 20], and on May 10, 2024, the Court issued an order staying these proceeding

against Defendant Neeman [D.E. 22][1]. Plaintiff filed an adversary proceeding against Neeman in the Bankruptcy court, *inter alia*, challenging the dischargability of Plaintiff's claims against Neeman. Unfortunately, prosecuting the action in two courts has divided Plaintiff's counsel's resources. However, as explained *infra*, Plaintiff has recently successfully obtain an order from the Bankruptcy Court lifting the bankruptcy stay against Plaintiff, and will be moving this Court to lift its stay to continue the action against Neeman[2].

3. On May 22, 2024, Defendant Construction, Fort Lauderdale, Inc. ("CFL") defaulted in answering the Complaint and on May 24, 2024, the clerk issued a Clerk's Default. Due to the probability of joint and several liability among the Defendants, a motion for a final default has not be filed at this time [D.E. 60].

4. On June 14, 2024, Defendants Maxim Bohadana ("Bohadana") and MB Home Improvements, Inc. ("MBHI") filed their answer with affirmative defenses. The Joint Scheduling Report was filed with the Court on July 29, 2024[3] [D.E. 38] and the Scheduling Ordered was issued on July 31, 2025 [D.E. 39]. However, on January 29, 2025, after having delayed responding to discovery for over a month, Defendants attorney, Justin Tolley moved for leave to withdraw as counsel. [D.E. 63]. After the original motion was denied [D.E. 64] and a renewed motion was filed [D.E. 68], the Court allowed Mr. Tolley to withdraw as counsel on February 5, 2025 [D.E. 69]. Ten

---

[1] Notwithstanding the bankruptcy stay (and this Court's stay), Neeman filed an answer the to Amended Complaint on January 21, 2025 [D.E. 58].

[2] Plaintiff and Mr. Neeman have also engaged in meaningful settlement discussions and it is possible that Plaintiff's action against Mr. Neeman will settle after some additional discovery.

[3] As CFL had defaulted, and the action against Neeman was stayed, the only parties to the Joint Scheduling Report were Plaintiff, Bohadana and MBHI.

days latter, Defendants current counsel Andrew W. Bray, Esq. of Rolfes Henry Co., LPA appeared in the action.

5. As a result of Defendants' change in counsel, Plaintiff's motion to compel discovery [D.E. 65], was denied without a hearing, [D.E. 76] and the Court allowed Defendants' new counsel additional time to produce documents responsive to the discovery requests. Defendants responded to Plaintiff's discovery requests on March 24, 2025 and produced the majority of documents produced to date on March 26, 2025. Undersigned counsel has engaged in discussions with Defendants' counsel for the production of documents that Plaintiff believes should have been produced as well as for other documents that Defendants have withheld under a claim of confidentiality. Plaintiff is also scheduled to take MBHI and Bohadana's deposition on May 14, 2025.

6. On February 18, 2025, this Court granted Plaintiff's unopposed motion to extend time for factual discovery to June 2, 2025. However the Court cautioned that "No further extensions will be granted absent extraordinary circumstances." Plaintiff submits that sufficient extraordinary circumstances exist.

7. In addition to MBHI and Bohadana's delay in responding to discovery and producing documents, and as mentioned *supra*, on March 27, 2024, the Bankruptcy Court for Southern District of Florida lifted the Bankruptcy stay against Plaintiff allowing Plaintiff to continue her claims against Neeman in this Court. Thus for all intents and purposes, Defendant Neeman will be starting this action anew, and an extension to the deadlines set forth in the Scheduling Order is warranted[4].

---

[4] Defendant Neeman was not a party to the Joint Scheduling Report as he had already filed for bankruptcy by the time such report was submitted.

8. Furthermore, undersigned counsel's mother who serves as counsel's bookkeeper, accountant and office manager underwent 13 hours of brain surgery last July (and an additional follow-up surgery last December). As a result of surgery, she is no longer able to perform her duties or to care for herself and undersigned counsel had to assume these duties in addition to dedicating time to help care for his mother. This also caused the loss of one of the other attorneys in counsel's firm - *to wit*, counsel's business partner and father, who has since dedicated the majority of his time to caring for counsel's mother. As a result of the foregoing, counsel's schedule has been extremely busy to say the least, and counsel will require additional time to comply with the deadlines set forth in the Scheduling Order.

9. Counsel for Defendants had recently filed a motion to stay the current action [D.E. 77, 80] in order to allow counsel to conduct discovery, possibly amend the proceeding and take the appropriate procedural actions to defend MBHI and Bohadana, including possibly moving the Bankruptcy court to lift the stay against Bohadana and MBHI, and asserting cross-claims against Neeman. Plaintiff opposed this motion as Plaintiff desires to continue discovery and did not want a further stay in the instant action. However, the relief sought herein, will resolve Defendants' concerns as they will be afforded an opportunity to move the Court(s) for their forthcoming requests for relief (avoiding any appearance of undue prejudice), and all the parties should be able to complete discovery[5].

10. The remaining deadlines in the Scheduling Order (as modified) are as follows:

a. **May 2, 2025.** The parties shall exchange expert witness summaries or reports.

---

[5] Plaintiff reserved the right to object to to any relief that maybe requested by Bohadana and MBHI in the future.

b. **June 2, 2025.** The parties shall complete factual discovery

c. **May 16, 2025.** The parties shall exchange rebuttal expert witness summaries or reports.

d. **May 30, 2025.** Expert discovery shall be completed.

e. **June 30, 2025.** The parties shall file all pre-trial motions, including motions for summary judgment, and Daubert motions.

f. **July 31, 2025.** The parties must have completed mediation and filed a mediation report.[6]

g. **September 22, 2025.** The parties shall submit all trial preparation materials including, but not limited to, a joint pre-trial stipulation of all undisputed facts, proposed jury instructions and verdict form, witness lists, exhibit lists, objections to deposition designations, and shall file any motions in limine (other than Daubert motions).

h. **October 28, 2025.** Counsel for all parties shall also appear at a calendar call at 2:00 p.m. on October 28, 2025.

i. **November 3, 2025.** THIS CASE is set for trial during the Court's two-week trial calendar beginning November 3, 2025.

11. Plaintiff respectfully submits that the aforementioned scheduling deadlines be moved by approximately three months as follows:

---

[6] Plaintiff, Bohadana and MBHI completed mediation in March of this year without resolution, however, Defendant Neeman was not a party to the mediation. Plaintiff believes that further mediation with Neeman is not necessary as it is unlikely to add any value to Plaintiff's current negotiations with Neeman, and thus submits that the current mediation should suffice.

a. **Monday, August 4, 2025.** The parties shall exchange expert witness summaries or reports.

b. **Monday, August 18, 2025.** The parties shall exchange rebuttal expert witness summaries or reports.

c. **Tuesday, September 2, 2025.** Expert discovery shall be completed.

d. **Tuesday September, 2, 2025.**The parties shall complete factual discovery

e. **Tuesday, September 30, 2025.** The parties shall file all pre-trial motions, including motions for summary judgment, and Daubert motions.

f. **Friday, October 31, 2025.** The parties must have completed mediation and filed a mediation report.

g. **Monday, December 22, 2025.** The parties shall submit all trial preparation materials including, but not limited to, a joint pre-trial stipulation of all undisputed facts, proposed jury instructions and verdict form, witness lists, exhibit lists, objections to deposition designations, and shall file any motions in limine (other than Daubert motions).

h. **Wednesday, January 28, 2026** (or as soon thereafter as the Court will allow). Counsel for all parties shall also appear at a calendar call.

i. **Monday, February 2, 2026** (or as soon thereafter as the Court's calendar provides) THIS CASE is set for trial during the Court's two-week trial calendar.

12. Plaintiff submits that there is sufficient good cause to modify the scheduling order as set forth herein.

13. This is Plaintiff's first request for such relief, and the motion is made in good faith and not for the purpose of delay.

Wherefore, Plaintiff respectfully requests that the Court modify the Scheduling Order as set forth herein, or in the alternative, schedule a status conference so that the parties can confer with the Court regarding resetting the deadlines in the Scheduling Order. Given that the deadlines for exchanging expert reports and rebuttal reports are currently May 2, 2025 and May 16, 2025 (and expert discovery to close on May 30, 2025), Plaintiff respectfully requests that should the Court deny the primary relief sought in this motion, that the Court extend the deadlines for exchanging expert reports and rebuttal reports to July 2, 2025 and July 16, respectively, with expert discovery to close by July 31, 2025.

Dated: May 2, 2025

**BERENTHAL & ASSOCIATES**
By: /s/ David W. Berenthal
David W. Berenthal
Florida Bar No. 159220
E-mail: dwb@berenthalaw.com
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
Telephone: (212) 302-9494

**CERTIFICATE OF GOOD FAITH CONFERENCE;**
**CONFERRED AND AGREED TO RELIEF**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with counsel for Maxim Bohadana and MB Home Improvement, Inc. and with Roi Neeman, appearing *pro se*, and all parties agree to the relief requested herein.

/s/ David W. Berenthal
David W. Berenthal

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, and that I have mailed by the United States Postal Service the document to the following non-CM/ECF Participants:

Construction Fort Lauderdale Inc.
4814 SW 34th Terrace
Fort Lauderdale, FL 33312

Roi Neeman
4814 SW 34th Terrace
Fort Lauderdale, FL 33312

By: /s/ David W. Berenthal
David W. Berenthal