UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.: 0:24-cv-60382-DSL**

JESSICA PIAFSKY, an individual,

                              Plaintiff,

v.

MB HOME IMPROVEMENTS INC. a Florida Corporation, MAXIM BOHADANA, an Individual, ROI NEEMAN, an Individual and CONSTRUCTION FORT LAUDERDALE, INC. d/b/a MB HOME IMPROVEMENTS, a Florida Corporation,

                              Defendants.

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Jessica Piafsky (hereinafter "Piafsky" or "Plaintiff") by and through its undersigned counsel, and pursuant to Local Rule 56.1(a), files this statement of undisputed material facts in support of its motion for summary judgment against defendants Maxim Bohadana ("Bohadana"), MB Home Improvements, Inc. ("MBHI"), and Roi Neeman ("Neeman")[1] (collectively "Defendants") as follows[2]:

---

[1] Defendant Construction Fort Lauderdale, Inc. ("CFL") defaulted in answering the Complaint and Amended Complaint, and thus is deemed to have conceded to the allegations in the Complaint/Amended Complaint. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

[2] For the purpose of consistency, all of the depositions taken by the Plaintiff use the same numbers as exhibits, for example, Exhibit 7 in Maxim Bohadana's deposition is the same document as Exhibit 7 in Roi Neeman's deposition and Kareen Neeman's deposition.

1. Defendant Maxim Bohadana is a licensed contractor, with licenses issued by the State of Florida and Broward County. Deposition of Maxim Bohadana dated July 15, 2025 ("Bohadana Dep.") 23:16-24:7, 115:10-13.

2. Bohadana is also known as "Max" and "Mickey." Bohadana Dep. 6:13-16. K. Neeman Dep. 14:6-8. Deposition of Kareen Neeman dated August 13, 2025 ("K. Neeman Dep.") 24:12-15.

3. Defendant MB Home Improvements, Inc. is a corporation organized and existing under the laws of the State of Florida. (Amended Complaint [D.E. 56] at ¶3).

4. Bohadana is and always has been the president of MBHI. Bohadana Dep. 22:16-23:2.

5. Bohadana is the qualified person/Qualifier for MBHI. Bohadana Dep. 51:1-21.

6. MBHI does business under license numbers CBC1265305 and CCC1334811. Bohadana Dep. 115:10-13.

7. With the exception of making strategies, Bohadana was/is the sole officer in charge of making decisions for MBHI . Bohadana Dep. 28:23-29:25.

8. Defendant Roi Neeman is an individual who does not have any professional licenses and is not licensed as contractor. Deposition of Roi Neeman dated on August 18, 2025 ("Neeman Dep. I") 7:12-8:1.

9. Defendant Construction Fort Lauderdale, Inc. was Neeman's corporation; Neeman was the sole shareholder, and the sole officer of CFL. R. Neeman Dep. I 8:2-9:8

10. CFL was doing business under the name MB Home Improvements. R. Neeman Dep. I 21:22-24.

11. Jessica Piafsky is a resident of the State of New York. (Declaration of Jessica Piafsky dated September 30, 2025 ("Piafsky Dec.") ¶1.

12. Bohadana knew that Neeman was not a licensed contractor. Bohadana Dep. 133:17-18.

13. Kareen Neeman ("Kareen") is Roi Neeman's wife and served as an assistant for CFL as well as CFL's liaison with Bohadana. K. Neeman Dep. 10:15-22, 11:3-12, 19:6-13.

14. Nofar Levy ("Levy") was a secretary at CFL. K. Neeman Dep. 19:14-20:3.

15. On or about March 1, 2022, Bohadana entered into an agreement with Neeman, entitled "Franchise Agreement" (hereinafter the "Franchise Agreement"). Bohadana Dep. Ex. 9 at 1. Bohadana did not provide Neeman with a franchise disclosure document required by 16 CFR 436. R. Neeman Dep. I 17:5-9.

16. The Franchise Agreement was generated by Bohadana using an on-line template. Bohadana Dep. 130:4-21.

17. Although the Franchise Agreement refers to developed methods for "establishing, operating and promoting businesses engaged in the business of construction," there were no proprietary methods of operating and promoting the business. Bohadana Dep. 132:7-19: Ex. 9 at 1.

18. Although the Franchise Agreement refers to an "initial training program," no initial training was ever provided by Bohadana. Bohadana Dep. 133:2-20.

19. Although the Franchise Agreement refers to an equipment list, design services, and technical bulletins, no equipment list, design services, or technical bulletins were provided by Bohadana. R. Neeman Dep. I 17:10-18:12, Bohadana Dep. 134:1-135:4.

20. At the time that Bohadana entered into the Franchise Agreement, March 1, 2022, he was not aware of any professional licenses held by Neeman. Bohadana Dep. 59:18-20, 131:22-25. Bohadana knew that Neeman was not a licensed contractor. Bohadana Dep. 133:17-18.

21. Under the Franchise Agreement, Bohadana explicitly allowed CFL to use the alias "MB Home Improvements." Bohadana Dep. 103:5-15, 104:4-9, Ex. 9 at 7, R. Neeman Dep. I 14:10-15, 14:20-15:8.

22. Bohadana created the Franchise Agreement to allow Neeman to work under Bohadana's license using Bohadana's contracts. Bohadana Dep. 133:21-25. Neeman was supposed to and was expected to find customers needing construction services, renovations services, painting, drywalling and/or fencing services, all under the MBHI name. K. Neeman Dep. 15:10-16:24, 20:21 -21:11. Bohadana allowed Neeman to use MBHI's name to enter into construction contracts, provide estimates to potential customers, book construction jobs, and trade on MBHI's goodwill. Bohadana Dep. 61:9-15, 20 – 63:14.

23. In exchange, Bohadana would receive a percentage of the amount of each job that was closed under the Franchise Agreement or a minimum fee. Bohadana Dep. 63:15-20, 64:9-11, Ex. 9 at 4, ¶9. K. Neeman Dep. 14:12-15:3.

24. CFL was an authorized agent for MBHI. Bohadana Dep. 55:17-19, 62:10-63:14.

25. Bohadana admits that by using an alias of "MB Home Improvements" Neeman was portraying himself and CFLas MB Home Improvements, Inc. Bohadana Dep. 100:16-23

26. Bohadana sent a notice to CFL, via WhatsApp, directing that he was raising the monthly fee under the Franchise Agreement and that, if CFL did not accept, the Franchise would terminate on August 1, 2023. Bohadana Ex. 4.

27. CFL agreed to the increase in the Monthly Franchise Fee, and the Franchise Agreement continued after August 1, 2023. Bohadana Dep. 158:5-159:14, Ex. 14 at 1. K. Neeman Dep. 62:17-65:1. Ex. 14 at 1, R. Neeman Dep. I 26:5-18, R. Neeman Dep. II 270:16-271:10.

28. On or about June 7, 2022, MBHI entered into a Standard Form of Master Agreement between Contractor and Subcontractor (the "Subcontractor Agreement") with CFL. Bohadana Dep. Ex. 10.

29. The Subcontractor Agreement names Roi Neeman as the authorized representative to act on behalf of CFL and MBHI and explicitly incorporates the Franchise Agreement as a part of the Subcontractor Agreement . Bohadana Dep. Ex. 10 at ¶¶1.4, 1.5, 13.2,

30. Bohadana knew in 2023 that Neeman did not have any professional licenses. Bohadana Dep. 59:11-17.

31. On or about July 20, 2023, Piafsky entered into a contract to purchase the property known as 3272 SW 51st Street, Hollywood, Florida (the "Property"). Piafsky Dec. ¶4.

32. She began to search for licensed contractors to perform major renovations to the interior and exterior of the Property, as was referred to Neeman. Piafsky Dec. ¶5.

33. In the last days of July 2023, Piafsky met with Neeman. During this time, Neeman informed Piafsky that he owned and operated a construction company called "MB Home Improvements." Neeman also represented that he was a licensed contractor, and that he had authority to enter into contract on behalf of MB Home Improvements. Piafsky Dec. ¶6.

34. Between July 25, 2023 and July 30, 2023, Neeman provided Piafsky with a few bids for the renovations that she wanted to do at the Property. The bids came in the form of a document entitled "Invoice" and had signatures lines for her to sign. Piafsky Dec. ¶8.

35. On or about August 2, 2023 Piafsky made some handwritten changes to the most recent bid, signed the same and sent it back to Neeman as the contract (the "Piafsky Contract") for the renovations at the Property (the "Piafsky Project"). Piafsky Dec. ¶9, Ex. A. R. Neeman

Dep. II 144:4-6. K. Neeman Dep. 26:7-28:1. Ex. 7. Bohadana Dep. Ex. 7. R. Neeman Dep. I 35:20-21, Ex. 7.

36. After receiving a copy of the Piafsky Contract, signed by Piafsky, Neeman considered the deal to be "closed," and moved forward on the contract. R. Neeman Dep. I 40:7-9

37. The Piafsky Contract lists a "Bill to" as "Sam Farber" with an address of 3727 SW 51st Street, Fort Lauderdale, Florida, and also lists an e-mail address of jessicapiafsky@gmai.com. Samuel "Sam" Farber is Piafsky's domestic partner. Piafsky Dec. ¶2.

38. Kareen Neeman has testified that the address of 3272 SW 51st was a typographical error made by CFL/Neeman mislabeling the property. K. Neeman Dep. 28:21-29:8, R. Neeman Dep. I 36:4-8.

39. An invoice with the correct address and Piafsky's name was sent to Bohadana/MBHI at a later date. K. Neeman Dep. 28:21-29:2, 56:13-58:21, Exs. 16 at 21, 16H.

40. The Piafsky Contract was for certain renovations/works to be performed at the Property (the work to be performed at the Property is hereinafter referred to as the "Piafsky Project").

41. The Piafsky Contract called for MB Home Improvements, Inc. to be the contractor. Bohadana Dep. Ex. 7 at 5.

42. The scope of the Piafsky Project was "huge" (R. Neeman Dep. II 31:9-11) and required a licensed contractor. Bohadana Dep. 118:22-119:1, Ex. 7.

43. The terms and conditions used in the Piafsky Contract are the terms and conditions used by MBHI. Bohadana Dep. 116:2-4. Ex. 7, R. Neeman Dep. II 274:19-24, Ex. 7.

44. On August 17, 2023, Kareen Neeman sent payment to Bohadana in the amount of $14,813.75, informing him that the payment was for a new job booked by CFL, and the customer

6

was referred to as "Sam Farber". Bohadana Dep. 129:4-5, 177:23-178:16, Ex. 14 at 8. K. Neeman Dep. 68:7-18, 81:21-82:8, Ex. 14 at 8, Ex. 24 at 4, R. Neeman Dep. II 273:19-24.

45. On September 12, 2023, MBHI invoiced CFL for Piafsky Project (still titled "Sam Farber") in the amount of $14,545.00 and reflected that CFL had overpaid slightly.[3] Bohadana Dep. 126:16-127:3, Ex. 8. K. Neeman Dep. 65:8 – 66:10

46. On October 10, 2023, CFL, sent a proposed Permit Application for the premises to Bohadana. CFL identified the job as "Jessica" K. Neeman Dep. Ex. 16 at 21. In response, and prior to signing the Permit Application, Bohadana asked for a copy of the invoice/contract. K. Neeman Dep. Ex. 16 at 21. Bohadana Dep. Ex. 15A at 2.

47. One week later, on October 16, 2023, Nofar Levy asked Bohadana to sign and notarize the Permit Application for the Piafsky Project. Bohadana informed CFL that he wanted to see a copy of the contract for the "Jessica" job before signing the permit application. K. Neeman Dep. And in response, Nofar Levy, sent the unsigned copy of the Contract (missing the handwritten notations). The unsigned copy represented a reprint of the signed contract and bore Ms. Piafsky's name and the correct address for the subject premises *to wit:* 3272 SW 51st Street, Fort Lauderdale, Florida. K. Neeman Dep. 56:13-58:21, Ex. 16 at 21, Ex. 16H at 1. Bohadana Dep. 212:15-214:6, Exs. 15A at 2, 16 at 21, Ex 16H at 1, R. Neeman Dep. II 266:7-14.

48. On October 17, 2023, CFL clarified to Bohadana that they had a signed copy of the Piafsky Contract, but it was difficult to read. Bohadana Dep. 217:6-219:9 , Exs. 15 at 1, 16 at 21-22, K. Neeman Dep. 59:11-60:9.

---

[3] Similar to the Piafsky Contract, the invoice sent by Bohadana referred to the project as "Sam Farber, 3727 SW 51 St, Fort Lauderdale Florida".

49. After receiving the reprinted copy of the contract, on October 17, 2023, Bohadana signed and notarized the permit application for construction work to be done at the Property, naming Jessica Piafksy as the Property's owner. The scope of the work described in the Permit Application required a contractor's license. Bohadana Dep. 48:11- 54:25, 121:20-122:13, Exs. 4, 15 at 3, 15A at 3, 16 at 22, K. Neeman Dep. 60:22:-61:15, Ex. 4, R. Neeman Dep. II 266:12-267:16.

50. Bohadana did not follow up about the permit application status. K. Neeman Dep. 61:21-23.

51. Piafsky closed on the Property on or about October 10, 2023. Piafsky Dec. ¶15. R. Neeman Dep. II 142:14-23.

52. Neeman/CFL started work on the Premises on or about October 11, 2023. R. Neeman Dep. II 143:18-22.

53. The entire interior work for the project was supposed to be finished on or about January 7, 2024. Piafsky Dec. ¶14. R. Neeman Dep. II 155:11:16.

54. Subsequently, Neeman informed Piafsky that the entire project would be completed by the end of March 2024. R. Neeman Dep. II 158:8-22, Ex. 31 at 29.

55.  Pursuant to the terms of the Piafsky Contract, in August 2023, Piafsky paid a total of $87,000.00 as a deposit. Piafsky Dec. ¶11. K. Neeman Dep. 67:8-70:2  Exs. 24 at 3, 25 at 3. Apart from $14,813.75 that was sent to Bohadana as the franchise fee, the remaining $72,186.25 was removed from CFL/Neeman's account by the end of August 2023. Many of the withdrawals were used on Neeman's personal expenses, or for other projects. K. Neeman Dep. 67:8-70:2  Exs. 24 at 4, R. Neeman Dep. II 202:4-218:20, Exs. 24, 25.

56. Neeman/CFL did not keep track of how Piafsky's money was used on the Piafsky project. K. Neeman Dep. 91:20-24.

57. Roi Neeman worked at and on the Property attempting to perform the required renovations and was the highest-level person at the project site who inspected all the work that was done at the site. K. Neeman Dep. 10:8-15, 11:20-25, R. Neeman Dep. II 218:19-219:14.

58. Bohadana was obligated to oversee all the work that is being done on any job that was booked under the Franchise Agreement and was required to insure that the job was being done according to the Florida Building Code, and the permits that were applied all passed inspection. This task cannot be done remotely. Bohadana Dep. 64:21-65:13. When there is drywalling going on, Bohadana had to be onsite. Bohadana Dep. 66:20-67:2.

59. Bohadana admits that the Piafsky Project (to which he referred as the "Sam Farber" project), was legally supposed to be under his supervision. Bohadana Dep. 185:11-25

60. Bohadana has never been to the Property, has never viewed images of the Property and has never reviewed the work done at the Property. Bohadana Dep. 33:21-34:1-6, R. Neeman Dep. II 141:7-9.

61. Piafsky paid no less than $194,780.00 under the Contract. Two payments were made to Neeman's personal accounts, and all the remaining payments were made to CFL's business account. Piafsky Dec. ¶11. K. Neeman Dep. 67:14-74:10, Exs. 24-28, R. Neeman Dep. II 169:8-173:10. Ex. 37.

62. Neeman/CFL requested that Piafsky pay additional funds in advance of the payment schedule agreed upon, such as a $10,000.00 payment, or a $15,000.00 in advance as a deposit for "the pool guy".in advance of the due date. R. Neeman Dep. II 152:13-24, 158:23-160:1, R. Neeman Dep. II Ex. 31 at 29.

9

63. Additionally, as of October 2023, CFL acknowledged that Piafsky had $32,000.00 that was "on hold" and not being used. R. Neeman Dep. II 162:19-163:10. [D.E. 56-2 at 2].

64. By the end of November 2023, notwithstanding Piafsky's CFL had run out of funds. R. Neeman Dep. II 174:1-11, 197:24-198:24. Money being paid to CFL was being used to repay the loans and for Neeman's personal expenses. R. Neeman Dep. II 174:20-175:9, 177:15-24, 182: 23-185:6, 186:20-21, 188:7-11, 189:3-190:11, 197:24-198:24, 218:16-18, Ex. 37 at 4-14.

65. CFL/Neeman did track of how Piafsky's funds were being spent. R. Neeman Dep. II 182:5-15.

66. As of December 6, 2023, Piafsky had overpaid what was owed to date, yet Neeman/CFL continued to demand more money from Piafsky. Piafsky Dec. ¶29.

67. Neeman was "in over his head" and CFL was "underwater." Bohadana was not concerned and never asked for a breakdown of the finances. R. Neeman Dep. II 190:12-21.192:20-193:1, 193:5-13.

68. On or about January 2, 2024, Piafsky told Neeman and CFL that they were not welcome to return to the premises, and Piafsky found different contractors(s) to continue (and redo a lot of) the work. Piafsky Dec. ¶32.

Dated: September 30, 2025

**BERENTHAL & ASSOCIATES**
By: /s/ David W. Berenthal
David W. Berenthal
Florida Bar No. 159220
E-mail: dwb@berenthalaw.com
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
Telephone: (212) 302-9494

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, and that I have e-mail the document to the following non-CM/ECF Participants who have agreed to accept the same via e-mail:

    Construction Fort Lauderdale Inc.: constructionfortlauderdale@gmail.com

    Roi Neeman: roineeman29@gmail.com


                             By:   /s/ David W. Berenthal
                                    David W. Berenthal